# The United States Court of Federal Claims

**No: 05-1000 C**

November 28, 2005

**ENRON FEDERAL SOLUTIONS, INC.,**

***Plaintiff***,

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant***.

## SHOW CAUSE ORDER

On September 15, 2005, Enron Federal Solutions, Inc. filed a complaint against defendant, along with a Rule 40.2 notice of directly related case identifying the case *Liberty Mutual Insurance Co. v. United States* (No. 04-254C) as one "involv[ing] the same contract." *See* RCFC 40.2(a)(1)(B). Plaintiff at that time noted "that consolidation of these matters will promote an efficient resolution of both actions."

Based on the court's reading of plaintiff's complaint along with the pleadings filed in *Liberty*, it is clear that the two cases, in part, involve related and overlapping issues of fact and law—namely whether plaintiff is entitled to additional reimbursement of capital costs under its contract with defendant and allegedly improperly withheld operation and maintenance costs. *See* Compl. at 9, 10.

The court is mindful of the interests of efficiency that might be achieved by consolidating these two cases. *See* RCFC 40.2(a)(1)(B); RCFC 21 ("Parties may be . . . added by order of the court on . . . its own initiative at any stage of the action and on such terms as are just."); *see also North Slope Tech., Ltd. v. United States*, 27 Fed. Cl. 425, 428 (1992) (noting "no general rule prohibiting the contractor from suing for the use and benefit of an insurer which has absorbed the loss"). Accordingly, the parties are **ORDERED** to show cause why this case should not be consolidated with the matter of *Liberty Mutual Insurance Co. v. United States*, No. 04-254C.

The parties shall file their responses to this issue no later than **Wednesday, December 14, 2005**.

s/Lawrence J. Block

**Lawrence J. Block**
**Judge**