**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-1000C** |
| | ) | **(Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

Defendant, the United States, respectfully submits the following response to the Court's Show Cause Order entered November 28, 2005 (Docket No. 7).

Defendant agrees that this case "involve[s] the same contract" as one of the contracts at issue in Liberty Mutual Insurance Co. v. United States, No. 04-254C, i.e., Utilities Privatization Contract No. DACA51-00-C-0001. Thus, this case and the Liberty Mutual case are directly related, pursuant to Rule 40.2(a) of the Rules of the Court of Federal Claims ("RCFC" or "Rule"), and Rule 40.2(a)(2) mandates that both of these cases be assigned to the same judge. RCFC 40.2(a)(2) ("the clerk shall assign the case to the judge to whom the earliest-filed directly related case is assigned.") (emphasis added). It does not follow, however, that the two cases should be consolidated.

The Court's rules provide for consolidation in Rule 42(a) – not Rule 40.2 – and in contrast to Rule 40.2(a), Rule 42(a) permits but does not mandate consolidation in certain circumstances:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions

> consolidated; and it may make such orders concerning procedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a) (emphasis added). As we explain below, while it is sensible that both Liberty Mutual and this case be assigned to the same judge under Rule 40.2(a), consolidation of the cases will not avoid unnecessary costs or delay and, in fact, will likely increase costs and cause delays. Accordingly, consolidation of the two cases is not appropriate under the Court's rules.

Aside from the fact that both cases involve the same contract, the two cases are signficantly different. The plaintiffs in the two cases are represented by different attorneys, and as a consequence, there is no reason to expect the plaintiffs to be proceeding uniformly. Moreover, the Liberty Mutual case is much more mature than this case, having been filed more than one-and-a-half years prior to this case. In the time since the complaint was filed in Liberty Mutual, the parties have conducted discovery and have briefed various issues for the Court which address Liberty Mutual Insurance Company's status as a surety. None of the activities in Liberty Mutual, such as discovery and briefing of issues, has involved counsel for the plaintiff in this case. In fact, the parties' Joint Preliminary Status Report in this case will not be due any sooner than early February 2006.

In summary, while the two cases are directly related, there is no reason for consolidating the two cases. Consolidation will not allow any party to avoid costs or delays and, in fact, is likely to create additional costs and delays. For the foregoing reasons, defendant respectfully requests that the Court not enter an Order consolidating this case with the Liberty Mutual case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

/s/ Donald E. Kinner

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

December 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, a copy of foregoing “DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky

_____________________________________