**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-1000C** |
| | ) | **(Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

**PARTIES**[1]

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the petition for reorganization cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. Admits the allegations contained in the third and fourth sentences of paragraph 1 to the extent supported by the Order and Plan cited, which is the best evidence of their contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 1.

2. Admits.

---

[1] The complaint contains headings to various sections, and the headings are repeated in this answer solely to conform the structure of the answer to the complaint. Defendant does not believe a response to the headings is necessary, but should the Court conclude that a response to the headings is required, defendant responds that the headings constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

## JURISDICTION

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## BACKGROUND

4. Admits the allegations contained in the first and second sentences of paragraph 4 to the extent supported by the Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the Solicitation and amendments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. Admits the allegations contained in the second sentence of paragraph 6 to the extent supported by the Final Proposal Revision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first and second sentences of paragraph 8 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 8.

9. Admits the allegations contained in the first and second sentences of paragraph 9 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 9. Admits the allegations contained in the third sentence of paragraph 9 to the extent supported by the Cost Proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 9.

10. Admits the allegations contained in the first and second sentences of paragraph 10 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 10.

11. Admits the allegations contained in the first and second sentences of paragraph 11 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the FAR § 52.241-10, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13. The allegations contained in the second sentence of paragraph 13 and the parenthetical sentence following the second sentence of paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies.

15. Admits that by November 2001, EFSI had completed some of the work described in paragraph 15 of the complaint; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in the first and second sentences of paragraph 16.

17. Admits that as of December 3, 2001, the Government had paid EFSI $4,225,102.24; the remaining allegations constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in the first sentence of paragraph 18. The allegations contained in the second sentence of paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation in the third sentence of paragraph 18 that the Government has paid EFSI for services and further states that as of December 3, 2001, the Government had paid EFSI $4,225,102.24; the remaining allegations in the third sentence of paragraph 18 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the petition for reorganization cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first and second sentences of paragraph 20 to the extent supported by the cure notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the cure notice cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the petition for reorganization cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the motion and "partial lift of the automatic stay" cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 23.

24. Admits that on February 26, 2002, the Government terminated for default the Contract.

25. Admits that as of the date of termination for default of the contract, the Government had paid EFSI $4,225,102.24; the remaining allegations in paragraph 25 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

26. Admits that as of the date of termination for default of the contract, the Government had paid EFSI $4,225,102.24; the remaining allegations in paragraph 26 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in the first and second sentences of paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the "demands upon the Government" cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30. Denies.

31. Admits the allegations contained in the first, second, and third sentences of paragraph 31 and Exhibit 1 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 31.

32. Admits the allegations contained in the first and second sentences of paragraph 32 and Exhibit 2 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 32.

33. Admits the allegations contained in the first, second, and third sentences of paragraph 33 and Exhibit 2 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 33. The allegations contained in the fourth sentence of paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT ONE

34. Defendant restates and incorporates by reference its previous responses to paragraphs 1-33 as though set forth fully herein.

35. The allegations contained in paragraph 35 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

"WHEREFORE" paragraph under Count One: Denies that plaintiff is entitled to the relief requested in the paragraph immediately following paragraph 37 or to any relief whatsoever.

**COUNT TWO**

38. Defendant restates and incorporates by reference its previous responses to paragraphs 1-33 as though set forth fully herein.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

"WHEREFORE" paragraph under Count Two: Denies that plaintiff is entitled to the relief requested in the paragraph immediately following paragraph 42 or to any relief whatsoever.

**COUNT THREE**

43. Defendant restates and incorporates by reference its previous responses to

paragraphs 1-33 as though set forth fully herein.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. Denies that the "expectation" alleged in paragraph 45 was "known to the Government"; denies the remaining allegations in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. The allegations contained in the first and second sentence of paragraph 46 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. Denies.

48. Denies.

49. The allegations contained in the first sentence of paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits that the Government has paid EFSI a total of $4,225,102.24; the remaining allegations in the second sentence of paragraph 49 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

50. Denies.

"WHEREFORE" paragraph under Count Three: Denies that plaintiff is entitled to the relief requested in the paragraph immediately following paragraph 50 or to any relief whatsoever.

**COUNT FOUR**

51. Defendant restates and incorporates by reference its previous responses to

paragraphs 1-33 as though set forth fully herein.

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Denies that the "expectation" alleged in paragraph 53 was "known to the Government"; denies the remaining allegations in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies.

56. Denies.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Denies.

"WHEREFORE" paragraph under Count Four: Denies that plaintiff is entitled to the relief requested in the paragraph immediately following paragraph 58 or to any relief whatsoever.

## CONCLUSION

The allegations contained in paragraph under the "CONCLUSION" caption constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests the Court to enter judgment in favor of defendant, to dismiss the complaint, and to grant defendant such other and further relief as the

Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

OF COUNSEL:

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

December 13, 2005

NOTICE OF FILING

I hereby certify that on December 13, 2005, a copy of foregoing “DEFENDANT'S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky

______________________________________