**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-1000C** |
| | ) | **(Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Enron Federal Solutions, Inc. ("EFSI"), by counsel, respectfully submits this response to the Court's Order to Show Cause that this case should not be consolidated with the case of Liberty Mutual Ins. Co. v. United States, United States Court of Claims No. 04-254C, presently pending in this Court.

In its September 15, 2005, Notice of Related Case filed in this action, EFSI supported consolidation of the cases on the basis that consolidation would contribute to the efficient resolution of both cases. With this submission, EFSI continues to support consolidation.

EFSI agrees with Defendant (the "Government") that "[t]he Court's rules provide for consolidation in Rule 42(a)." Defendant's Response to Show Cause Order (Defendant's Response") at 1. EFSI disagrees, however, with Defendant's assertions that consolidation would "likely increase costs and cause delays." Defendant's Response at 2. Defendant bases that dire, but tentative prediction upon its assertions that: 1) the cases are significantly different; 2) the attorneys for the plaintiffs will not proceed uniformly; 3) the Liberty Mutual case is much older than this case and has included the conduct of discovery

and the submission of briefs by the parties without the participation of EFSI's counsel; and 4) the parties' Joint Preliminary Status Report ("JPSR") in this case will not be due before February 2006. Defendant's Response at 2. As demonstrated below, not only are Defendant's proffered reasons invalid, but its position contradicts one of its own positions only recently taken in the Liberty Mutual case.

Defendant led off its opposition to consolidation with the conclusion that the cases brought by Liberty Mutual and EFSI are significantly different, but expended no effort beyond its mere assertion to prove that conclusion. Contrary to Defendant's unsupported conclusion, there can be no serious argument that these cases involve common questions of both law and fact. The substance of Liberty Mutual's claim, as opposed to the legal issues surrounding its entitlement to bring it, requires it to prove EFSI's entitlement to payment for work performed under its contract with the United States Army to improve or replace the utility infrastructure at Fort Hamilton, New York. The substance of EFSI's claim requires EFSI to prove the same facts - EFSI's entitlement to payment for work performed under contract to the United States Army to improve or replace the utility infrastructure at Fort Hamilton, New York. Except for the difference in the amounts to which the two claimants may be entitled to recover from the Government, the questions of fact and law are identical in the two cases.

With respect to Defendant's second unfounded assertion, given the substantial identity of the essential showings that must be made by the plaintiffs in the two cases, there is no reason to assume that the parties' attorneys will proceed in anything but a similar, and expeditious manner. The elements and burdens of proof are the same for each party, as is the desire to conclude this dispute quickly.

Concerning Defendant's third assertion, that the Liberty Mutual case is older and has already conducted discovery and briefed some threshold issues, what is notable is what Defendant left out of its assertion. While it is true that discovery has been conducted in the Liberty Mutual case, by agreement of the parties the discovery involved only limited document production. Further, the Government's motion to dismiss Liberty Mutual's complaint was limited in scope to the issue of whether Liberty Mutual, as surety, was properly before the Court. Indeed, although the Government's motion was supposed to address its position on a critical entitlement issue, i.e., the effect of the Termination Liability clause in the EFSI contract, the Government declined to brief that issue in its August 12, 2005 submission, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Motion"). The Government's stated reason for ignoring the issue at the time, found in a footnote to its brief, was that EFSI had submitted a claim which had been denied by the Government, that EFSI was expected to appeal that denial, and that the Government would defer its response on the substantive issue of entitlement until EFSI could join the proceedings. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, filed in the Liberty Mutual case, at pp. 1-2, n.1. Under these circumstances, Defendant's Response here not only omitted material facts, but reversed the position it had taken only recently in this very Court in the Liberty Mutual case.

Finally, if the Government were truly concerned about moving this case forward, the basis for its fourth assertion, i.e., that the JPSR in this case will not be due before February 2006, would not exist. By its involvement in the Liberty Mutual case, the Government has been aware of, and, presumably, has investigated the substantive

allegations raised by EFSI in this case for quite some time. Nevertheless, the Government requested an enlargement of time to file its Answer in this case. Had the Government answered EFSI's complaint as originally scheduled, the JPSR would have been due in early January 2006, merely a few weeks from now. Consequently, any delay in the consolidated case that might be caused by the date of the JPSR in this case would be a delay solely of the Government's making.

For the reasons stated above, EFSI respectfully submits that this case and the Liberty Mutual case should be consolidated.

DATED: December 14, 2005 ENRON FEDERAL SOLUTIONS, INC.

By: /s/ John J. Pavlick, Jr.
John J. Pavlick, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

OF COUNSEL
Charles R. Marvin, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

James F. H. Scott
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: 703/760-1600
Facsimile: 703/821-8949
*Counsel for Plaintiff*
*Enron Federal Solutions, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2005, a copy of the foregoing Plaintiff's Response to Order to Show Cause" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John J. Pavlick, Jr.

DC1:205538