**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-1000C** |
| | ) | **(Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1491 and the Contract Disputes Act, 41 U.S.C. §§ 601-613.

At this time, the United States is not aware of any reason why the Court would not possess jurisdiction to entertain Counts 1 and 2. The United States does not believe the Court possesses subject matter jurisdiction to entertain the claims set forth in Counts 3 and 4.

b. Should the case be consolidated with any other case?

This issue has been addressed in the parties' response to the Court's Show Cause Order entered November 28, 2005 (Docket No. 7) and the telephone status conference conducted by the Court on January 19, 2006.

c. Should the trial of liability and damages be bifurcated?

No.

d. <u>Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?</u>

No.

e. <u>Will a remand or a suspension be sought?</u>

No.

f. <u>Will additional parties be joined?</u>

No.

g. <u>Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the proposed schedule for the intended filing?</u>

Defendant anticipates filing a dispositive motion, pursuant to Rules 12(b) and 56, and plaintiff anticipates filing a cross-motion pursuant to Rule 56 regarding the interpretation of the contract.

h. <u>What are the relevant factual and legal issues?</u>

<u>Plaintiff's Separate Statement of Issues</u>:

1. Is the Government required to pay plaintiff for the capital improvements and upgrades to the Fort Hamilton installation made by plaintiff under the terms of the express contract executed by the parties?

2. Should the Termination Liability clause, the Default clause, or any other clause(s) contained in the express contract at issue in this litigation be determined to be inoperative or ineffective, such that, upon early termination of the contract, the relative rights and duties of the parties with respect to payment for capital improvements and upgrades to the utility systems at the Fort Hamilton installation made by plaintiff are not expressly stated in the contract, is there

an implied-in-fact contract between plaintiff and the Government requiring the Government to pay plaintiff the value of those capital improvements and upgrades?

3. What amount is the Government required to pay to plaintiff for the capital improvements and upgrades plaintiff made to the utility systems at the Fort Hamilton installation?

4. Is the Government required to pay plaintiff for operations and maintenance services provided by plaintiff for the utility systems at the Fort Hamilton installation under the terms of the express contract executed by the parties?

5. Should the Default clause or any other clause(s) contained in the express contract at issue in this litigation be determined to be inoperative or ineffective, such that, upon early termination of the contract, the relative rights of the parties with respect to payment for operations and maintenance services provided by plaintiff for the utility systems at the Fort Hamilton installation are not expressly stated in the contract, is there an implied-in-fact contract between plaintiff and the Government requiring the Government to pay plaintiff the value of those operations and maintenance services?

6. What amount is the Government required to pay to plaintiff for operations and maintenance services provided by plaintiff for the utility systems at the Fort Hamilton installation?

<u>Defendant's Separate Statement of Issues</u>:

1. Does the Termination Liability clause of the contract referenced in the complaint provide that the Government is obligated to reimburse plaintiff for capital improvements and upgrades under the contract?

2. If the Termination Liability clause of the contract referenced in the complaint provides that the Government is obligated to reimburse plaintiff for capital improvements and upgrades under the contract, what amount is owed to plaintiff?

3. Does the Court possess subject matter jurisdiction to entertain plaintiff's claims based upon theories of quantum meruit and unjust enrichment, set forth in Counts 3 and 4 of the complaint.

i. What is the likelihood of settlement?
Is alternative dispute resolution contemplated?

At this time, the parties cannot state whether the case can be settled and do not contemplate alternative dispute resolution. As the case progresses, the parties will assess the appropriateness of settlement.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why? What is the requested place of trial?

Plaintiff believes that although this matter cannot be resolved completely by dispositive motion, the Court's decision should clarify the parties' relative positions such that settlement may be facilitated.

Defendant believes that this matter can be resolved by dispositive motion, as referenced in its response to question (g) above, and does not currently anticipate the need for trial.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there any other information of which the Court should be aware at this time?

No.

m. What is the proposed discovery plan?

The parties propose that the Court set a schedule for the filing of motions pursuant to Rules 12 and 56, as referenced in the response to question (g) above, and the parties further

propose that the Court establish March 24, 2006, as the date for the filing of initial dispositive motions by both parties, with responsive pleadings to be filed as provided by the Court's rules. In the event the Court determines that the matter cannot be fully resolved by rulings upon motions filed pursuant to Rules 12 and 56, the parties will propose to the Court a schedule for conducting discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

Dated: February 3, 2006

/s/ John J. Pavlick

JOHN J. PAVLICK, JR.
CHARLES R. MARVIN, JR.
Venable, LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-4894
Facsimile: (202) 344-8300
Attorney for Plaintiffs

Dated: February 3, 2006

Notice of Filing

I hereby certify that on February 3, 2006, a copy of foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky