No. 05-1000C (04-254C) (Consolidated)
(Judge Block)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ENRON FEDERAL SOLUTIONS, INC., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION DISMISS COUNTS THREE AND FOUR AND FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF ENRON FEDERAL SOLUTIONS, INC.'S COMPLAINT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

JOHN WARSHAWSKY
Trial Attorney
Commercial Litigation
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Attorneys for Defendant

OF COUNSEL:

CAPTAIN PATRICK BUTLER
United States Army Legals Service Agency

BranchTHOMAS D. DINACKUS
U.S. Department of Justice
Commercial Litigation Branch
Civil Division

May 2, 2006

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . i

TABLE OF AUTHORITIES . . . . . iii

DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FOUR AND FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF ENRON FEDERAL SOLUTIONS, INC.'S COMPLAINT . . . . . 1

DEFENDANT'S BRIEF . . . . . 2

STATEMENT OF THE ISSUES . . . . . 2

STATEMENT OF FACTS . . . . . 2

ARGUMENT . . . . . 5

I. Overview of the Argument . . . . . 5

II. This Court Should Dismiss Counts Three and Four of EFSI's Complaint Pursuant to RCFC 12(b)(1) Because This Court Does Not Possess Subject Matter Jurisdiction Over Claims Seeking Recovery Based Upon Quantum Meruit or Unjust Enrichment Theories of Liability . . . . . 6

III. The Government is Entitled to Summary Judgment as to All Remaining Counts Because the FAR § 52-241-10 Clause Only Established a Contractual Obligation for the Government to Pay Termination Charges If the Government Chose to Discontinue Utility Service Prior to the Ten-Year Contract Period and Not If EFSI Abandoned the Contract and Was Terminated for Default . . . . . 10

A. EFSI Was Terminated for Default on February 26, 2002, and EFSI May Not Relitigate the Issue of Whether It Was Terminated for Default or the Convenience of the Government . . . . . 10

B. The Clause Prescribed by FAR § 52.241-10 Applies When the Government Makes the Decision to Discontinue Utility Service Under a Contract and is Not Applicable When a Contractor Abandons Performance of the Contract and is Terminated for Default . . . . . 11

Table of Contents (continued)

Page

C. EFSI's Construction of FAR § 52.241-10 is Unreasonable and Should Be Rejected, as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

NOTICE OF FILING

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Filed With Motion

# TABLE OF AUTHORITIES

Page(s)

## CASES

AT&T v. United States, 124 F.3d 1471 (Fed. Cir. 1997) . . . . . . . . . . 8

Adams v. United States, 20 Cl. Ct. 132 (1990) . . . . . . . . . . 9

Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981) . . . . . . . . . . 7

American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265 (1990) . . . . . . . . . . 9

C. Sanchez & Son, Inc. v. United States, 6 F.3d 1539 (Fed. Cir. 1993) . . . . . . . . . . 12

Centex Corp. v. United States, 49 Fed. Cl. 691 (2001) . . . . . . . . . . 8

Dynalectron Corp. v. United States, 4 Cl. Ct. 424, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (Table) . . . . . . . . . . 6

Fidelity & Deposit Co. v. United States, 2 Cl. Ct. 137 (1983) . . . . . . . . . . 9

Fincke v. United States, 675 F.2d 289 (Ct. Cl. 1982) . . . . . . . . . . 9

Frank & Breslow, LLP v. United States, 43 Fed. Cl. 65 (1999) . . . . . . . . . . 8

George Hyman Construction Co. v. United States, 564 F.2d 939 (Ct. Cl. 1977) . . . . . . . . . . 12

Gould, Inc. v. United States, 935 F.2d 1271 (Fed. Cir. 1991) . . . . . . . . . . 9

Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . 9

Merritt v. United States, 267 U.S. 338 (1925) . . . . . . . . . . 7, 8

Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003) . . . . . . . . . . 8, 9

Prestex, Inc. v. United States, 320 F.2d 367 (Ct. Cl. 1963) . . . . . . . . . . 9

Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . 9

Trauma Service Group v. United States, 104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . 7, 8

Table of Authorities (continued)

Page(s)

United States v. Amdahl Corp.,786 F.2d 387 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Nederlandsch-Amerikaansche Stoomvart Maatschappij, 254 U.S. 148 (1920) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Sherwood, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Testan, 424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Varilease Technology Group, Inc. v. United States, 289 F.3d 795 (Fed. Cir. 2002) . . . . . . . . . . 12

Vassar v. United States, 63 Fed. Cl. 166 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

41 U.S.C. § 605(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

41 U.S.C. § 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

41 U.S.C. § 609(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**REGULATIONS**

FAR § 52.249-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

FAR § 52.249-8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

FAR § 52.241-10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC., et. al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-1000C (04-254C)** |
| **vs.** | ) | **(Consolidated)** |
| | ) | **(Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | | |

**DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FOUR AND FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF ENRON FEDERAL SOLUTIONS, INC.'S COMPLAINT**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss Counts Three and Four of the complaint of plaintiff, Enron Federal Solutions, Inc. ("EFSI" or the "contractor"), for lack of jurisdiction to consider the subject matter of those counts. Defendant further respectfully requests, pursuant to RCFC 56(b), that the Court enter summary judgment in our favor and against plaintiff, EFSI, upon the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. In support of these motions, defendant relies upon the pleadings, the following brief and appendix, and, further, in support of defendant's motion pursuant to RCFC 56(b), defendant relies upon Defendant's Proposed Findings of Uncontroverted Facts, filed with the motion.

**DEFENDANT'S BRIEF**

STATEMENT OF THE ISSUES

1. Whether the Court possesses jurisdiction to entertain Counts Three and Four of EFSI's Complaint, in which EFSI seeks to recover based upon the implied-in-law concepts of quantum meruit and unjust enrichment.

2. Whether the United States is entitled to summary judgment because the contract clause relied upon by EFSI as the basis for alleged liability does not apply when the contractor has abandoned performance of the contract, resulting in it being terminated for default, and the Government did not "discontinue" utility service under the contract.

STATEMENT OF FACTS

This case arises from a contract between the United States and EFSI, pursuant to which EFSI agreed "to own (or replace and own), operate, and maintain the Fort Hamilton electrical, natural gas, potable water, and collect wastewater within the Fort Hamilton installation boundary." Complaint, No. 05-1000C ("EFSI Comp.") ¶¶ 4, 7; Complaint, No. 04-254C ("Liberty Comp.") ¶ 4; Appendix ("App.") 4 (Contract § B.1.1).[1] The United States Department of the Army ("Army") awarded the contract to EFSI on December 2, 1999. EFSI Comp. ¶ 7;

---

[1] In some instances, such as in PFUF 1, the United States will refer to allegations in the separate complaints and Court opinions and orders filed in Enron Federal Solutions, Inc. v. United States, No. 05-1000C, and Liberty Mutual Insurance Co. v. United States, No. 04-254C. On February 27, 2006, this Court entered its Order consolidating these two cases. Order, No. 05-1000C (Feb. 27, 2006) (Dkt. No. 13).

Liberty Comp. ¶ 4; App. 18-19. The next day, plaintiff, Liberty Mutual Insurance Company ("Liberty"), provided performance and payment bonds as surety for EFSI.[2] Liberty Comp. ¶ 12.

At the time the contract was awarded, the parties contemplated a ten-year term for performance, a fact confirmed in EFSI's Final Proposal Revision dated August 27, 1999, in which it stated:

> ENRON expects to complete the recommended projects within the first year of the contract. The end result will be state-of-the-art utility distribution/collection systems that will operate efficiently well beyond the 10-year contract term. We view the proposed contract as a long-term opportunity, not just 10 years . . . .

App. 15 (EFSI Final Proposal Revision (Aug. 27, 1999), Executive Summary at 2)). Indeed, EFSI reaffirmed this expectation in its final proposal, stating, "We have a vested interest in ensuring that we are responsive to the Post's needs and concerns during the 10-year contract term and beyond." App. 16 (Executive Summary at 3).

Pursuant to the contract, EFSI agreed to make an initial capital investment for system improvements:

> It is anticipated that the natural gas, potable water and wastewater utility distribution systems will need either major capital repair or complete reconstruction to comply with modern, stringent Industry standards. All utility distribution system upgrades or replacements shall be completed by the end of the first year of the contract.

---

[2] This dispositive motion is directed at the allegations set forth in EFSI's complaint. While Liberty's status as EFSI's surety generally renders its rights derivative of EFSI's rights under its complaint, this motion will not resolve Liberty's rights to pursue the progress payments referenced in this Court's Opinion and Order in the previously separate Liberty Mutual case. See Opinion and Order at 4, No. 04-254C (Feb. 27, 2006) (Dkt. 36).

App. 4-5 (Contract § B.2.1).[3] Further, pursuant to the contract, the Government agreed to pay EFSI a "Total Annual Price," which was defined as EFSI's "total annual price for service for the ownership, operation, and maintenance of the electrical, natural gas, potable water, and wastewater utility distribution systems at Fort Hamilton, New York." App. 5 (Contract § B.2.5).

In spite of EFSI's express representations that it anticipated performing for the ten-year contract term, on December 3, 2001 – only two years after the contract was awarded to EFSI – EFSI terminated the employment of its on-site project manager and alternate project manager and abandoned performance of the contract. Opinion and Order at 2, No. 04-254C (Feb. 27, 2006); EFSI Comp., Ex. 2, p. 2 (Contracting Officer's final decision (Aug. 11, 2005)).

On February 26, 2002, the Contracting Officer issued a final decision and contract modification P00012 terminating EFSI's contract for default, pursuant to FAR § 52.249-8. Opinion and Order at 2, 3, No. 04-254C (Feb. 27, 2006); EFSI Comp. ¶ 24; App. 20-25. EFSI did not appeal the final decision which terminated the contract, based upon EFSI's default. App. 2 (Declaration of Contracting Officer, William E. Campbell, Jr. ¶ 9).

Although EFSI's contract with the Army was terminated for default and EFSI did not appeal the Contracting Officer's final decision terminating the contract for default, EFSI seeks to recover under two theories. First, in Counts One and Two, EFSI alleges that the Government failed to pay for the first-year improvements and upgrades and monthly services, and that the

[3] As was noted above, in its proposal, the contractor expressly represented to the Government that EFSI expected that it would make this investment in the first year. App. 15 (EFSI Final Proposal Revision (Aug. 27, 1999), Executive Summary at 2)).

alleged failure constitutes a breach of the contract. In support of this position, EFSI specifically relies upon the clause set forth in FAR § 52.241-10 (Feb. 1995), which provided, in part:

> TERMINATION LIABILITY (FEB 1995)
>
> (a) If the Government discontinues utility service under this contract before completion of the facilities cost recovery period specified in paragraph (b) of this clause, in consideration of the Contractor furnishing and installing at its expense, the new facility described herein, the Government shall pay termination charges, calculated as set forth in this clause. . . .

EFSI Comp. ¶ 12; FAR § 52.241-10.[4] Second, in Counts Three and Four, EFSI alleges that it is entitled to be compensated in the same amounts alleged in Counts One and Two, respectively, based upon theories of quantum meruit and unjust enrichment.

## ARGUMENT

### I. Overview of the Argument

We initially present the argument regarding Counts Three and Four because those claims are beyond this Court's subject matter jurisdiction and, accordingly, they should be dismissed pursuant to RCFC 12(b)(1). EFSI's complaint expressly bases these counts upon allegations that it is entitled to recover based upon quantum meruit and unjust enrichment theories of liability. The controlling law in the Court, however, as confirmed by the United States Court of Appeals for the Federal Circuit, is that such claims are based upon implied-in-law contracts and this Court does not possess subject matter jurisdiction over such claims.

---

[4] This clause was included in the contract in accordance with paragraph H.8 of the contract, which provided, in part, "The termination liability of the parties with respect to the provision of electrical, natural gas, potable water, and wastewater utility service under this contract shall be based upon FAR 52.241-10 Termination Liability (Feb 1995)." See EFSI Comp., Ex. 1, p. 6 (lines 5-8).

With regard to Counts One and Two, EFSI's complaint relies upon a contract clause that has no application when a contractor has been terminated for default. A plain reading of the clause confirms that it only applies "[i]f the Government discontinues utility service under this contract . . . ." FAR § 52.241-10(a). The uncontroverted facts confirm that EFSI – not the Government – discontinued performance of the contract. In essence, EFSI seeks to recover as though it had been terminated for the convenience of the Government, but the contract provides no such relief, and the Government is entitled to summary judgment as to all remaining counts.

## II. This Court Should Dismiss Counts Three and Four of EFSI's Complaint Pursuant to RCFC 12(b)(1) Because This Court Does Not Possess Subject Matter Jurisdiction Over Claims Seeking Recovery Based Upon Quantum Meruit or Unjust Enrichment Theories of Liability

Counts Three and Four of EFSI's complaint are explicit in stating their theory of liability: both counts include in their captions the phrase "*Quantum Meruit*/Unjust Enrichment" and both assert that EFSI is entitled "to recover . . . under *quantum meruit*, such amount representing the reasonable value . . . ." EFSI Comp., Count Three Caption and ¶ 44; Count Four Caption and ¶ 52.

This Court, like its predecessors, the United States Claims Court and the United States Court of Claims, is a court of limited jurisdiction. E.g., Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (Table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. E.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

The law is well-established in the United States Court of Appeals for the Federal Circuit and this Court that claims based upon unjust enrichment are beyond this Court's subject matter jurisdiction. In Aetna Casualty and Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981), a construction contractor and its surety sought to recover for costs incurred in building a housing project. The contract in that case was not with the United States, but financing for the project was insured by the Government, and the plaintiffs alleged that "the United States has implicitly contracted [with the construction contractor] to provide this low-cost housing." Id. at 1052. The Court of Claims rejected this theory and proceeded to address plaintiffs' further allegation that "jurisdiction is founded on a theory of unjust enrichment/equitable lien, [as well as tort-based claims plainly beyond the Court's jurisdiction]." Id. at 1059. The Court of Claims squarely rejected claims based upon unjust enrichment:

> The claim based on unjust enrichment/equitable lien is also beyond our jurisdiction. Those doctrines, however, are based not on agreement but are equitable in nature. Both proceed from a perception that a party ought to be bound rather than from a conclusion that a party has agreed to be bound. Plaintiffs' unjust enrichment/equitable lien theory of recovery is therefore based upon a contract implied in law, over which this court has not been given jurisdiction.

Id. at 1059-60 (citing Merritt v. United States, 267 U.S. 338, 341 (1925), and Court of Claims precedent).

Similarly, in Trauma Service Group v. United States, 104 F.3d 1321 (Fed. Cir. 1997), the Court of Appeals for the Federal Circuit rejected plaintiff's assertions that an express or implied-in-fact contract existed covering the costs of a x-ray technician who provided services at an Army hospital. The Court then concluded:

> Thus, TSG cannot show either an express or implied-in-fact contract between itself and [the Army hospital]. On this record, TSG would have to base any action against the United States on a contract implied-in-law or on a tort theory. The Court of Federal Claims lacks jurisdiction to hear these suits.

Id. at 1327 (citing Merritt v. United States, 267 U.S. at 341, and United States v. Nederlandsch-Amerikaansche Stoomvart Maatschappij, 254 U.S. 148, 153 (1920)). See also Centex Corp. v. United States, 49 Fed. Cl. 691, 711-12 (2001) ("Plaintiffs' unjust enrichment claim . . . to the extent it is independent of plaintiffs' breach of contract claim, is also outside the subject matter jurisdiction of this court . . . .") (citations omitted); Frank & Breslow, LLP v. United States, 43 Fed. Cl. 65, 68 (1999) ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act.") (citations omitted).

EFSI's claims based upon quantum meruit fare no better. The Federal Circuit explained in AT&T v. United States, 124 F.3d 1471 (Fed. Cir. 1997):

> It is well established that the Court of Federal Claims does not have the power to grant remedies generally characterized as those implied-in-law, that is, equity-based remedies, as distinct from those based on actual contractual relationships. Quantum meruit is the name given to an implied-in-law remedy for unjust enrichment. As a general rule, it falls outside the scope of relief available through the Court of Federal Claims.

Id. at 1479 (citing, among others, Trauma Service Group v. United States, 104 F.3d at 1324-25).

The Federal Circuit and Court of Claims have permitted quantum meruit claims to proceed, but only in limited circumstances easily distinguishable from EFSI's claims. These cases were summarized in Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003), in which the Federal Circuit rejected a lawsuit brought by a former confidential informant and cooperating witness for the FBI. As the Court explained:

> Recovery in quantum meruit, however, is based upon a contract implied in law. Fincke v. United States, 230 Ct. Cl. 233, 675 F.2d 289, 296 (1982). The theory is that if one party to a transaction provides goods or services to the other party that the parties intended would be paid for, the law will imply a contract for the recipient to pay the fair value of what it has received. See United States v. Amdahl Corp., 786 F.2d 387, 393 (Fed. Cir. 1986).
>
> [Plaintiff] relies upon cases in which this court, the Court of Claims, the Court of Federal Claims recognized quantum meruit recovery. See, e.g., Gould, Inc. v. United States, 935 F.2d 1271 (Fed. Cir. 1991); Prestex, Inc. v. United States, 162 Ct. Cl. 620, 320 F.2d 367 (1963). Those cases, however, involved situations in which the plaintiff provided goods or services to the government pursuant to an express contract, but the government refused to pay for them because of defects in the contract that rendered it invalid or unenforceable. Since in that circumstance it would be unfair to permit the government to retain the benefits of the bargain it had made with the plaintiff without paying for them, the courts utilized quantum meruit as a basis for awarding the plaintiff the fair value of what it supplied to the government.

Id. at 1343-44 (emphasis added).

The limited situation described in Perri – a defective contract that rendered it invalid or unenforceable – does not exist in the case before this Court. The contract between EFSI and the Government was valid and enforceable; EFSI stopped performing after two years and was terminated for default.[5] Under these circumstances, EFSI's allegations under a quantum meruit theory are beyond this Court's subject matter jurisdiction.

---

[5] This portion of our dispositive motion is directed to the Court's subject matter jurisdiction and is properly styled a motion to dismiss, rather than a motion for summary judgment. See, e.g., Fidelity & Deposit Co. v. United States, 2 Cl. Ct. 137, 142 (1983) (motion for summary judgment based upon lack of jurisdiction treated as motion to dismiss). In ruling upon a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence outside the pleadings. E.g., Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir. 1988); Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). See also American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990).

## III. The Government is Entitled to Summary Judgment as to All Remaining Counts Because the FAR § 52-241-10 Clause Only Established a Contractual Obligation for the Government to Pay Termination Charges If the Government Chose to Discontinue Utility Service Prior to the Ten-Year Contract Period and Not If EFSI Abandoned the Contract and Was Terminated for Default

EFSI's complaint represents an attempt to rewrite history, wholly disregarding the uncontroverted facts that it abandoned performance of its contract with the Army only two years into the ten-year contract term, that it was terminated for default because it walked away from its contract, and that it did not appeal the Contracting Officer's final decision terminating it for default. Just a few months short of four years after it fired its on-site managers and quit performing its contract with the Army, and slightly over two-and-a-half years after it was terminated for default, EFSI filed suit in this Court alleging that the Government breached its contract when it failed to pay EFSI almost $10.5 million after the contractor unjustifiably stopped providing utility services at Fort Hamilton, New York. Finally, in spite of the indisputable fact that EFSI chose to discontinue performance under the contract, EFSI incredibly bases its claims upon a clause that begins with the premise, "If the Government discontinues utility service under this contract . . . ." FAR § 52.241-10(a). As we explain below, EFSI's claims are legally insupportable, and the Government is entitled to summary judgment.

### A. EFSI Was Terminated for Default on February 26, 2002, and EFSI May Not Relitigate the Issue of Whether It Was Terminated for Default or the Convenience of the Government

There can be no serious dispute that EFSI was terminated for default and that the decision to terminate the contractor for default is beyond appeal. The Contracting Officer issued the final decision terminating EFSI for default on February 26, 2002, and EFSI's failure to seek review

either by this Court or the Armed Services Board of Contract Appeals renders that decision final and conclusive. 41 U.S.C. § 605(b) ("The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter."). See 41 U.S.C. §§ 606, 609(a).

### B. The Clause Prescribed by FAR § 52.241-10 Applies When the Government Makes the Decision to Discontinue Utility Service Under a Contract and is Not Applicable When a Contractor Abandons Performance of the Contract and is Terminated for Default

EFSI bases its contract claims upon the clause prescribed in FAR § 52.241-10. EFSI Comp. ¶¶ 11-13. On its face, however, this clause plainly does not apply in this case because, as the initial sentence in the clause provides, its terms are controlling only "[i]f the Government discontinues utility service under this contract . . . ." FAR § 52.241-10(a) (emphasis added), quoted in EFSI Comp. ¶ 12. As this Court's recent opinion in Liberty Mutual specifically recognized, the undeniable and unreviewable facts are that EFSI abandoned performance of the contract and that EFSI was terminated for default because it abandoned performance,. See Opinion and Order at 2, No. 04-254C (Feb. 27, 2006) ("When EFSI's parent declared bankruptcy, EFSI abandoned the contract, subsequently declaring bankruptcy itself, and – after 'rejecting' the contract in bankruptcy – was terminated for default by the Army.").

The construction and application of FAR § 52.241-10 to the undisputed facts presents questions of law properly before this Court in a motion for summary judgment. E.g., Vassar v. United States, 63 Fed. Cl. 166, 169 (2004) ("Issues of contract interpretation are questions of

law, which are properly resolved on motions for summary judgment.") (citing Varilease Technology Group, Inc. v. United States, 289 F.3d 795, 798 (Fed. Cir. 2002)).[6] Moreover, where a contract's terms are plain and unambiguous, the proper construction is one in accordance with the contract's terms and not one that is unreasonable. See, e.g., C. Sanchez & Son, Inc. v. United States, 6 F.3d 1539, 1543 (Fed. Cir. 1993) ("A contract is read in accordance with its express terms and the plain meaning thereof.") (citations omitted); George Hyman Construction Co. v. United States, 564 F.2d 939, 945 (Ct. Cl. 1977) (Court construes "clear and unambiguous" contract terms and concludes contractor's "interpretation of the contract is unreasonable").

Applying these legal principles, the only reasonable construction of the contract provision cited by EFSI is that it applies when the Government makes the decision to discontinue the utility services and not here, where the contractor made the decision to abandon and discontinue the utility services at Fort Hamilton. No other reading is consistent with the language in the clause's premise, "[i]f the Government discontinues utility service under this contract . . . ." FAR § 52.241-10(a) (emphasis added). Accordingly, the clause prescribed by FAR § 52.241-10 does not apply in this case.

### C. EFSI's Construction of FAR § 52.241-10 is Unreasonable and Should Be Rejected, as a Matter of Law

The reasonableness of the Government's position stands in stark contrast to the unreasonableness of EFSI's proffered construction of the termination clause. EFSI asserts that although it abandoned performance of its contract only two years after agreeing to provide utility

---

[6] The Government has found no precedent specifically construing FAR § 52.241-10 and, accordingly, this appears to be a case of first impression.

services at Fort Hamilton for a ten-year period, the Government is obligated to make the contractor whole for its investment. In seeking to be made whole, EFSI ignores the fact that it initially represented that it would make a substantial investment in the first year in order to obtain a contract to provide services for ten years. E.g., App. 15 (EFSI Final Proposal Revision (Aug. 27, 1999), Executive Summary at 2)) ("ENRON expects to complete the recommended projects within the first year of the contract. The end result will be state-of-the-art utility distribution/ collection systems that will operate efficiently well beyond the 10-year contract term. We view the proposed contract as a long-term opportunity, not just 10 years . . . ."); App. 16 (Executive Summary at 3) ("We have a vested interest in ensuring that we are responsive to the Post's needs and concerns during the 10-year contract term and beyond.").

Simply put, although it was terminated for default, EFSI seeks to recover as though it had been terminated for the convenience of the Government. See generally FAR § 52.249-2(a) ("The Government may terminate performance of work under this contract in whole or, from time to time, in part if the Contracting Officer determines that a termination is in the Government's interest."). Where a contractor has been terminated for the convenience of the Government, it is entitled to recover its initial costs and preparatory expenses for terminated work. FAR § 52.249-2(g)(2)(i) ("If the Contractor and the Contracting Officer fail to agree on the whole amount to be paid because of the termination of work, the Contracting Officer shall pay the Contractor . . . [t]he costs incurred in the performance of the work terminated, including initial costs and preparatory expense allocable thereto . . . .").

Even EFSI's complaint recognizes that it is asking this Court for an award of termination for convenience damages. EFSI alleges that the contract provides that it is to "be granted

compensation for its capital costs in accordance with FAR 52.241-10 (Termination Liability) and for all of its other costs in accordance with FAR 52.249-2 (Termination for Convenience.)." EFSI Comp. ¶ 13 (quoting EFSI proposal).

EFSI was not terminated for the convenience of the Government in accordance with FAR § 52.249-2, however; it was terminated for default, pursuant to FAR § 52.249-8. App. 22 (Contract Modification P00012, Box 13D). Under this clause, the Government is obliged to pay "for completed supplies delivered and accepted"; there is, however, no obligation for the Government to pay for EFSI's initial costs, preparatory expenses, or, as in this case, "EFSI's capital improvements and upgrades of the Utility Systems." EFSI Comp. ¶ 11.

In the final analysis, EFSI asks this Court to award it termination for convenience damages, even though it was not terminated for the convenience of the Government. EFSI asks this Court to hold that it had the contractual right to abandon performance of its contract early in the contract's term <u>and</u> be made whole, as though the Government had made the decision "to discontinue[] utility service under [the] contract . . . ." FAR 52.241-10(a). EFSI's position is patently unreasonable and should be rejected, as a matter of law.

## CONCLUSION

For the foregoing reasons, defendant, the United States, respectfully requests this Court to dismiss Counts Three and Four of EFSI's complaint for lack of jurisdiction to consider the subject matter of those counts, pursuant to RCFC 12(b)(1). Defendant further respectfully

requests that the Court to enter summary judgment in its favor and against plaintiff, EFSI, upon the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law, pursuant to RCFC 56(b).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

OF COUNSEL:

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

THOMAS D. DINACKUS
U.S. Department of Justice
Commercial Litigation Branch
Civil Division

May 2, 2006

NOTICE OF FILING

I hereby certify that on May 2, 2006, a copy of foregoing "DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FOUR AND FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF ENRON FEDERAL SOLUTIONS, INC.'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky