**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC., et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 05-1000C (04-254C) (Consolidated) (Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact ("PFUF") in connection with its motion for summary judgment.

1. This case arises from a contract between the United States and plaintiff, Enron Federal Solutions, Inc. ("EFSI"), pursuant to which EFSI agreed "to own (or replace and own), operate, and maintain the [United States Army Garrison, Fort Hamilton, New York] electrical, natural gas, potable water, and collect wastewater within the Fort Hamilton installation boundary." Complaint, No. 05-1000C ("EFSI Comp.") ¶¶ 4, 7; Complaint, No. 04-254C ("Liberty Comp.") ¶ 4; Appendix to Dispositive Motion[1] ("App.") 4 (Contract § B.1.1).[2]

2. The contract was awarded to EFSI by the United States Department of the Army

---

[1] "Appendix to Dispositive Motion" refers to the appendix included within Defendant's Motion to Dismiss Counts Three and Four and for Summary Judgment With Regard to Plaintiff Enron Federal Solutions, Inc.'s Complaint filed contemporaneouly with these proposed findings of uncontroverted fact.

[2] In some instances, such as in PFUF 1, the United States will refer to allegations in the separate complaints and Court opinions and orders filed in Enron Federal Solutions, Inc. v. United States, No. 05-1000C, and Liberty Mutual Insurance Co. v. United States, No. 04-254C. On February 27, 2006, this Court entered its Order consolidating these two cases. Order, No. 05-1000C (Feb. 27, 2006) (Dkt. No. 13).

("Army") on December 2, 1999. EFSI Comp. ¶ 7; Liberty Comp. ¶ 4; App. 18-19.

3. On or about December 3, 1999, plaintiff, Liberty Mutual Insurance Company ("Liberty"), provided performance and payment bonds as surety for EFSI. Liberty Comp. ¶ 12.

4. Pursuant to the contract, EFSI agreed to make an initial capital investment for system improvements. App. 4-5 (Contract § B.2.1).

5. With regard to the initial capital investment for system improvements, the contract expressly advised EFSI:

> It is anticipated that the natural gas, potable water and wastewater utility distribution systems will need either major capital repair or complete reconstruction to comply with modern, stringent Industry standards. All utility distribution system upgrades or replacements shall be completed by the end of the first year of the contract.

App. 4-5 (Contract § B.2.1).

6. Pursuant to the contract, the Government agreed to pay EFSI a "Total Annual Price," which was defined as EFSI's "total annual price for service for the ownership, operation, and maintenance of the electrical, natural gas, potable water, and wastewater utility distribution systems at Fort Hamilton, New York." App. 5 (Contract § B.2.5).

7. Paragraph H.8 of the contract provided, in part, "The termination liability of the parties with respect to the provision of electrical, natural gas, potable water, and wastewater utility service under this contract shall be based upon FAR 52.241-10 Termination Liability (Feb 1995)." App. 10 (Contract § H.8); EFSI Comp., Ex. 1, p. 6 (lines 5-8).

8. FAR § 52.241-10 (Feb. 1995) provided, in part, as follows:

> As prescribed in 41.501(d)(4), insert a clause substantially the same as the following:

> TERMINATION LIABILITY (FEB 1995)
>
> (a) If the Government discontinues utility service under this contract before completion of the facilities cost recovery period specified in paragraph (b) of this clause, in consideration of the Contractor furnishing and installing at its expense, the new facility described herein, the Government shall pay termination charges, calculated as set forth in this clause. . . .

EFSI Comp. ¶ 12; FAR § 52.241-10.

9. FAR § 41.501(d)(4) provided that the clause described in FAR § 52.241.10 was to be inserted "when payment is to be made to the contractor upon termination of service in conjunction with or in lieu of a connection charge upon completion of the facilities." FAR § 41.501(d)(4).

10. At the time the contract was awarded, the parties contemplated a ten-year term for performance, a fact confirmed in EFSI's Final Proposal Revision dated August 27, 1999, in which it stated:

> ENRON expects to complete the recommended projects within the first year of the contract. The end result will be state-of-the-art utility distribution/collection systems that will operate efficiently well beyond the 10-year contract term. We view the proposed contract as a long-term opportunity, not just 10 years . . . .

App. 15 (EFSI Final Proposal Revision (Aug. 27, 1999), Executive Summary at 2)); see App. 16 (Executive Summary at 3 ("[W]e have a vested interest in ensuring that we are responsive to the Post's needs and concerns during the 10-year contract term and beyond.").

11. On or about December 3, 2001 – two years after the award of the contract – EFSI terminated the employment of its on-site project manager and alternate project manager and abandoned performance of the contract. Opinion and Order at 2, No. 04-254C (Feb. 27, 2006)

("When EFSI's parent declared bankruptcy, EFSI abandoned the contract, subsequently declaring bankruptcy itself, and – after 'rejecting' the contract in bankruptcy – was terminated for default by the Army."); EFSI Comp., Ex. 2, p. 2 (Contracting Officer's Final Decision (Aug. 11, 2005)).

12. By a Contracting Officer's Final Decision and Contract Modification P00012, EFSI's contract with the Army was terminated for default on Febrary 26, 2002. Opinion and Order at 2, 3, No. 04-254C (Feb. 27, 2006); EFSI Comp. ¶ 24; App. 20-25.

13. EFSI did not appeal the Contracting Officer's Final Decision dated February 26, 2002, terminating its contract for default. App. 2 (Declaration of Contracting Officer, William E. Campbell, Jr. ¶ 9).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

OF COUNSEL:

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

THOMAS D. DINACKUS
U.S. Department of Justice
Commercial Litigation Branch
Civil Division

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

May 2, 2006

NOTICE OF FILING

I hereby certify that on May 2, 2006, a copy of foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky