**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC. et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-1000C (04-254C)** |
| | ) | **(Consolidated)** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Block)** |
| **Defendant.** | ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to RCFC 56(h)(1), plaintiffs submit the following proposed findings of uncontroverted fact:

1. On January 22, 1999, the United States Army Corps of Engineers ("Army" or "Government") issued Solicitation No. DAC51-99-R-0006 ("Solicitation") seeking proposals from potential contractors to own, upgrade or replace as necessary, operate and maintain the electrical, natural gas, potable water, and wastewater utility systems ("Utility Systems") at the United States Army Garrison, Fort Hamilton, New York. The Solicitation was issued as part of the government's initiative to privatize certain government-owned utility systems. Complaint[1], ¶ 4; Answer ¶ 4; Complaint, Exhibit 2 (Contracting Officer's Final Decision ("COFD")) at 1; Government's Appendix to Dispositive Motion ("Govt. App.") at 3-4, 6.

2. EFSI submitted its technical proposal in response to the Solicitation on July 28, 1999. On August 27, 1999, EFSI submitted its Final Proposal Revision,

---

[1] Unless otherwise identified, all references herein to "Complaint" and "Answer" refer to the Complaint and Answer filed by the parties in COFC No. 05-1000C. References to the Complaint or Answer filed by the parties in COFC No. 04-254C, which was consolidated with this case on February 27, 2006 by Order of this Court, will be appropriately identified.

reconfirming EFSI's July 27, 1999, Technical Proposal and submitting EFSI's Cost Proposal. Complaint, ¶ 6; Answer, ¶ 6; Govt. App. at 11, 18; Plaintiff's Appendix ("Plaintiff's App.") at 3-4.

3. On December 2, 1999, the Army entered into Utilities Privatization Contract No. DACA51-00-C-0001 ("Contract") with EFSI. EFSI's proposal was incorporated into the Contract. Complaint, ¶ 7; Answer, ¶ 9; Govt. App. at 18-19.

4. Under the terms of the Contract, EFSI was required to upgrade the Utility Systems as necessary by making whatever capital improvements were required to meet standards listed in the Contract. The Contract also required EFSI to commence all utility distribution system upgrades or replacements at the beginning of the Contract term, and to operate and maintain the Utility Systems for a period of up to ten (10) years, commencing March 1, 2000. Complaint, ¶ 8; Answer, ¶ 9; Complaint, Exh. 2 (COFD) at 1; Govt. App. at 4-5; Plaintiff's App. at 7 (Contract, ¶ I.84 - FAR Clause 52.241-3(a)).

5. Under the Contract, EFSI was required to fund agreed-upon capital improvements necessary for acquiring, maintaining and operating the Utility Systems. EFSI was also required to fund the cost of expansion or upgrade of these systems as a capital investment, which was to be recovered by EFSI over the contract period. Complaint, ¶ 9 (first two sentences); Answer, ¶ 9; Govt. App. at 6 (Contract, ¶ H.1).

6. The Contract also provided that title to the utility systems would pass from the Government to EFSI. Plaintiff's App. at 7-8.

7. In its Cost Proposal, EFSI estimated that the required capital improvements and upgrades would cost $11,616,000 to implement. Complaint, ¶ 9 (third sentence); Answer, ¶ 9; Plaintiff's App. at 16-17.

8. In return for EFSI's capital improvement work and operations and maintenance services, the Government promised to pay EFSI a fixed price of $25,377,637.62, as modified, in monthly installments over the term of the Contract. Complaint, ¶10 (first sentence); Answer, ¶ 10; Govt. App. at 19.

9. Under the Contract, each of the Government's scheduled monthly payments included a fixed amount for the amortization over the Contract term of EFSI's price for its capital improvements and upgrades of the Utility Systems ($11,616,000, financed at 8% annual interest). Complaint, ¶ 10 (second sentence); Answer, ¶ 10; Govt. App. at 4-5, 8 (Contract, ¶¶ B.2.1 through B.2.5, ¶ H.3.2); Plaintiff's App. at 16-17 (Portion of EFSI Cost Proposal stating price terms for upgrades).

10. Under paragraph B.2.1 of the Contract, this component of the Government's payment obligation was identified as the Annual Initial Upgrade, and defined as

> The Contractor's initial capital investment price, amortized over a desired period at an annual interest rate, for system improvements to comply with utility standards and any other required/requested services (mapping, unique services, etc.), or new utility distribution system design, construction, installation and applicable required tax payments on the upgraded components. It is anticipated that the natural gas, potable water and wastewater utility distribution systems will need either major capital repair or complete reconstruction to comply with modern, stringent Industry Standards. All utility distribution system upgrades or replacements shall be completed by the end of the first year of the contract.

Govt. App. at 4 (Contract, ¶ B.2.1).

11. Should the Contract be terminated prior to the end of its term, the Contract established the relative rights and obligations of the parties. The Contract, ¶ C.4.7, Disposition Upon Expiration or Termination, provided that

> Upon expiration or termination of this contract, the Government shall have the option to negotiate a sole source contract with the Contractor or reacquire the facilities as described in Section H. Reacquisition of the utility facilities will be performed only when it is determined to be in the best interest of the Government. ... The Contractor's unrecovered investment will be determined as set forth in Paragraph H.8, Termination Liability. See also Termination for Default, Termination for the Convenience of the Government, and Termination Liability, in Section I, Contract Clauses.

Complaint, ¶ 11 (first and second sentences); Answer, ¶ 11; Plaintiff's App. at 6 (Contract, ¶ C.4.7).

12. The Contract, ¶ H.8, Termination Liability, provided that "The termination liability of the parties with respect to the provision of electric, natural gas, potable water and wastewater utility service under this contract shall be based upon FAR 52.241-10 Termination Liability (Feb 1995). See Section I, Contract Clauses." Complaint, ¶ 11 (second sentence); Answer, ¶ 11; Govt. App. at 10 (Contract ¶ H.8).

13. Federal Acquisition Regulation ("FAR") Clause 52.241-10, Termination Liability (Feb. 1995) provided that:

> (a) If the Government discontinues utility service under this contract before completion of the facilities cost recovery period specified in paragraph (b) of this clause, in consideration of the Contractor furnishing and installing at its expense, the new facility described herein, the Government shall pay termination charges, calculated as set forth in this clause.
>
> (b) Facility cost recovery period. The period of time, not exceeding the term of this contract, during which the net cost of the new facility shall be recovered by the Contractor is ______ months. [Insert negotiated duration.]
>
> (c) Net facility cost. The cost of the new facility, less the agreed upon salvage value of such facility, is $_______. [Insert appropriate dollar amount.]
>
> (d) Monthly facility cost recovery rate. The monthly facility cost recovery rate which the Government shall pay the Contractor whether or not service

> is received is $_____. [Divide the net facility cost in paragraph (c) of this clause by the facility's cost recovery period in paragraph (b) of this clause and insert the resultant figure.]
>
> (e) Termination charges. Termination charges = $____. [Multiply the remaining months of the facility's cost recovery period specified in paragraph (b) of this clause by the monthly facility cost recovery rate in paragraph (d) of this clause and insert the resultant figure.]
>
> (f) If the Contractor has recovered its capital costs at the time of termination there will be no termination liability charge.

Complaint, ¶ 12; Answer, ¶ 12, FAR 52.241-10.

14. The Contract incorporated by reference FAR 52.249-8, Default (Fixed-Price Service and Supply) (April 1984). Complaint, Exh. 1 (EFSI's Certified Claim) at 7; Plaintiff's App. at 19 (Contract, ¶ I.46).

15. EFSI's proposal was incorporated into the Contract by the Government without modification. Complaint, ¶ 13 (first sentence); Answer, ¶ 13; Govt. App. at 19.

16. EFSI's proposal included the following condition: "[i]n the event the contract is terminated, the Contractor shall be granted compensation for its capital costs in accordance with FAR 52.241-10 (Termination Liability) and for all of its other costs in accordance with FAR 52.249-2 (Termination for Convenience)." Complaint, ¶ 13 (first sentence); Answer, ¶ 13; Plaintiff's App. at 18 (EFSI proposal page).

17. In his Contracting Officer's Final Decision denying EFSI's certified claim, the Contracting Officer stated that "EFSI's performance during the first year of contract performance was successful and in conformance with all contract requirements. EFSI's progress on capital improvements during this time was either on or ahead of schedule." Complaint, Exhibit 2 (COFD) at 2.

18. By November 2001, EFSI had substantially completed all of the capital improvements and upgrades of Ft. Hamilton's potable water, natural gas and electric distribution systems, and had completed portions of the capital improvements and upgrades on the storm and wastewater/sewer system as required by the Contract. Complaint, ¶ 15; Answer, ¶ 15; Answer (No. 04-254C), ¶ 17.

19. From April 2000 through December 2001, EFSI provided operations and maintenance services for the Utility Systems. Complaint, ¶ 18 (first sentence); Answer ¶ 18.

20. As of December 3, 2000, the Government has paid EFSI only $4,225,102.24 under the Contract. Answer, ¶¶ 17, 18.

21. On December 21, 2001, EFSI filed a petition for reorganization under Chapter 11 of U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. Complaint, ¶ 22; Govt. App. at 20.

22. On February 26, 2002, the Government terminated the Contract (for default). Complaint, ¶ 24; Answer, ¶ 24; Govt. App. at 20-22.

23. On April 15, 2005, EFSI submitted to the Government a certified claim seeking payment under the Contract of the amounts due to EFSI for the capital improvements and upgrades made by EFSI to the Utility Systems and for the operation and maintenance of those systems. In its claim, EFSI demanded payment in the amount of $10,476,801, less a Remaining Work credit, plus applicable interest. Complaint, ¶ 31 (first two sentences); Answer, ¶ 31; Complaint, Exhibit 1 (EFSI's Certified Claim).

24. By letter dated August 11, 2005, the Government issued a Contracting Officer's Final Decision ("COFD") denying EFSI's claim for payment of the majority of

the amount due to EFSI for the capital improvements/upgrades made by EFSI to the Fort Hamilton utility distribution systems. Complaint, ¶ 32 (first two sentences); Answer, ¶ 32; Complaint Exhibit 2 (COFD).

25. In the COFD, the Government conceded that the Government owes EFSI the amount of $211,262.95 for its November 2001 invoice, which includes the monthly amount for amortization of the Utility Systems improvements and upgrades and an amount for the Operations and Maintenance services for November 2001. Notwithstanding the Government's admission of liability, the Government refused to pay EFSI for that invoice until "it is decided whether EFSI or Liberty has a priority claim to those retained funds." Exhibit 2, unnumbered page 4. Complaint, ¶ 33 (first three sentences); Answer, ¶ 33; Complaint, Exhibit 2 (COFD) at 6.

Respectfully submitted,

/s/ John J. Pavlick, Jr.

John J. Pavlick, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

OF COUNSEL
Charles R. Marvin, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

Attorneys for Enron Federal Solutions, Inc.

/s/ Timothy J. Heffernan

Timothy J. Heffernan
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
Telephone 703/749-1000
Facsimile: 703/749-0699
Attorney for Liberty Mutual
Insurance Co.

June 2, 2006

NOTICE OF SERVICE

I hereby certify that on June 2, 2006, a copy of the foregoing "PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John J. Pavlick, Jr.