**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC., et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 05-1000C (04-254C) (Consolidated) (Judge Block)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S STATEMENT OF GENUINE ISSUES**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following statement of genuine issues with regard to Plaintiffs' Proposed Findings of Uncontroverted Fact (Dkt. No. 19-3). The numbers used in this pleading correspond to the paragraph numbers set forth in plaintiffs' Proposed Findings of Uncontroverted Facts.

General Statement

The following responses are submitted pursuant to the Court's rules solely in conjunction with the Plaintiffs' Cross-Motion for Summary Judgment (Dkt. No. 19-1) filed in this case. In providing these responses, we do not waive our right to challenge the factual or legal basis for any of Plaintiff's Proposed Findings of Uncontroverted Fact in subsequent pleadings or proceedings, if necessary.

1. Agrees for purposes of RCFC 56(h)(2).

2. Agrees for purposes of RCFC 56(h)(2).

3. Agrees for purposes of RCFC 56(h)(2).

4. Defendant objects to this proposed finding because it consists of legal conclusions, and its presence in Plaintiff's Proposed Findings of Uncontroverted Fact is contrary to the requirements of RCFC 56(h)(1), which provides for the submission of "concise, separately numbered paragraphs setting forth all of the material facts upon which the party bases its motion and as to which the aprty believes there is no genuine dispute." (Emphasis added.) The requirements of the contract constitute matters of legal construction. E.g., Gilbert v. Department of Justice, 334 F.3d 1065, 1071-72 (Fed. Cir. 2003) ("What was required by way of contract performance turns on contract interpretation, which is an issue of law.") (citing Massachusetts Bay Transportation Authority v. United States, 129 F.3d 1226, 1231 (Fed. Cir. 1997)).

Subject to the foregoing, and without waiving the foregoing objections, Defendant agrees for purposes of RCFC 56(h)(2) that EFSI was required to upgrade the Utility Systems, that EFSI was required to commence the upgrades and replacements at the beginning of the contract, and that EFSI was required to operate and maintain the Utility Systems for a full period of ten years. Defendant denies that the contract provided for EFSI to operate and maintain the Utility Systems "for a period of up to ten (10) years," as alleged in this proposed finding, and defendant further refers the Court to paragraphs 11-13 of Defendant's Proposed Findings of Uncontroverted Fact (Dkt. No. 18), to which plaintiffs have filed no response, for the undisputed facts regarding EFSI's abandonment of the contract, the resultant termination for default, and EFSI's failure to appeal the Contracting Officer's final decision terminating the contract for default.

5. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

6. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

Subject to the foregoing, and without waiving the foregoing objections, Defendant agrees for purposes of RCFC 56(h)(2) that title to the utility systems passed to EFSI before EFSI abandoned performance of the contract.

7. Agrees for purposes of RCFC 56(h)(2).

8. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

Subject to the foregoing, and without waiving the foregoing objections, Defendant further denies that "the Government promised to pay EFSI a fixed price of $25,377,637.62, as modified, in monthly installments over the term of the Contract," as alleged in this proposed finding, and refers the Court to the declaration of William E. Campbell, Jr., filed with the Government's opposition to plaintiffs' motion for partial summary judgment for an explanation of amounts owed for the separate Contract Line Item Numbers 0001-0050 (and their subparts).

9. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

10. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

Subject to the foregoing, and without waiving the foregoing objections, Defendant agrees for purposes of RCFC 56(h)(2) that paragraph B.2.1 of the contract contained the language quoted in this proposed finding.

11. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

Subject to the foregoing, and without waiving the foregoing objections, Defendant agrees for purposes of RCFC 56(h)(2) that paragraph C.4.7 of the contract contained the language quoted in this proposed finding.

12. Agrees for purposes of RCFC 56(h)(2).

13. Agrees for purposes of RCFC 56(h)(2).

14. Agrees for purposes of RCFC 56(h)(2).

15. Defendant objects to this proposed finding because it consists of legal conclusions, and incorporates by reference, as though set forth fully herein, the explanation for this objection set forth above in our response to proposed finding 4.

16. Defendant objects to this proposed finding because it sets forth alleged facts which are irrelevant and immaterial to the disposition of this matter. EFSI's "assumption" set forth in this proposed finding was contained within EFSI's proposal, which also was predicated on the assumption that EFSI would not abandon performance of its contract and be terminated for default, as is confirmed by the following additional stated assumption set forth in EFSI's proposal:

ENRON expects to complete the recommended projects within the first year of

> the contract. The end result will be state-of-the-art utility distribution/collection systems that will operate efficiently well beyond the 10-year contract term. We view the proposed contract as a long-term opportunity, not just 10 years . . . .

Appendix to Government's Motion for Summary Judgment at 15 (EFSI Final Proposal Revision (Aug. 27, 1999), Executive Summary at 2)); see id. at 16 (Executive Summary at 3 ("[W]e have a vested interest in ensuring that we are responsive to the Post's needs and concerns during the 10-year contract term and beyond.").

17. Defendant objects to this proposed finding because it sets forth alleged facts which are irrelevant and immaterial to the disposition of this matter. Because EFSI has appealed the Contracting Officer's final decision referenced in this proposed finding, this Court reviews the matter applying a de novo standard of review. 41 U.S.C § 609(a)(3) (action in Court of Federal Claims "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court."). See Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir. 1994) ("The plain language of the CDA and our decision in [Assurance Co. v. United States, 813 F.2d 1202, 1206 (Fed. Cir. 1987)] make it clear that when suit is brought following a contracting officer's decision, the findings of fact in that decision are not binding upon the parties and are not entitled to any deference."). Moreover, EFSIC's performance during the first year of the contract is irrelevant because EFSI subsequently abandoned performance of the contract and was terminated for default, as discussed above in our response to proposed finding 4, which is incorporated by reference as though set forth fully herein.

18. Agrees for purposes of RCFC 56(h)(2).

19. Agrees for purposes of RCFC 56(h)(2).

20. Defendant objects to the word "only" used to characterize payments to EFSI as of December 3, 2000, inasmuch as defendant had paid EFSI the amounts owed under the contract as of December 3, 2000. Subject to the foregoing, and without waiving the foregoing objection, defendant agrees to the remainder of this proposed finding for purposes of RCFC 56(h)(2).

21. Agrees for purposes of RCFC 56(h)(2).

22. Agrees for purposes of RCFC 56(h)(2).

23. Defendants objects to this proposed finding to the extent it sets forth legal conclusions regarding amounts plaintiffs allege are payable. Subject to the foregoing, and without waiving the foregoing objection, defendant agrees to the remainder of this proposed finding for purposes of RCFC 56(h)(2).

24. Agrees for purposes of RCFC 56(h)(2).

25. Defendant objects to this proposed finding to the extent it alleges that the Government conceded owing anything to EFSI. As is explained in the second sentence of this proposed finding, the Government has withheld payment of $211,262.95 pending a determination as to whether the amount is payable to plaintiff EFSI or plaintiff Liberty Mutual Insurance Company. Subject to the foregoing, and without waiving the foregoing objection, defendant agrees to the remainder of this proposed finding for purposes of RCFC 56(h)(2).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

OF COUNSEL:

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

THOMAS D. DINACKUS
U.S. Department of Justice
Commercial Litigation Branch
Civil Division

June 29, 2006

NOTICE OF FILING

I hereby certify that on June 29, 2006, a copy of foregoing "DEFENDANT'S STATEMENT OF GENUINE ISSUES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky