**No. 05-1000 C (04-254C) (Consolidated)**
**(Judge Block)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ENRON FEDERAL SOLUTIONS, INC., et al.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**Timothy E. Heffernan**
**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
**7929 Westpark Drive, Suite 400**
**McLean, Virginia 22102**
**Telephone 703/749-1000**
**Facsimile: 703/749-0699**

**Attorney for Liberty Mutual Insurance Co.**

**John J. Pavlick, Jr.**
**VENABLE LLP**
**575 7th Street, N. W.**
**Washington, D. C. 20004**
**Telephone: 202/344-4000**
**Facsimile: 202/344-8300**

**OF COUNSEL**

**Charles R. Marvin, Jr.**
**VENABLE LLP**
**575 7th Street, N. W.**
**Washington, D. C. 20004**
**Telephone: 202/344-4000**
**Facsimile: 202/344-8300**

**Attorneys for Enron Federal Solutions, Inc.**

**Electronically Filed on July 13, 2006**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS …………………..……………………………….…………ii

TABLE OF AUTHORITIES ……………………………………………..………...iii

PLAINTIFFS' BRIEF ..……………………………………………..………………..1

ARGUMENT………………………………………………………………………...…2

I. Overview ……………………………………………………...………….2

II. Only EFSI's Interpretation Of The Effect And Scope Of The Termination Liability Clause Is Consistent With The Terms And Overall Risk Structure Of The Contract………..…………………………………………………………….4

III. The Government Did Not Refute EFSI's Demonstration Of Entitlement To Relief Under Its Alternative Theories Of Recovery ……………………………………….8

IV. EFSI Did Not Abandon The Upgrades It Made To The Utility Systems Or Otherwise Forego Its Entitlement To Compensation For Those Upgrades ...……..10

CONCLUSION ……………………………………………..…………….……..…….11

NOTICE OF FILING…………………………………………………………………13

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alaska Pulp Corp. v. United States*, 48 Fed. Cl. 655, 669 (2001)………………………...6

*Cerberonics, Inc. v. United States*, 13 Cl. Ct. 415, 417-18 (1987)………………………..6

*G.L. Christian and Assoc. v. United States*, 160 Ct. Cl. 58 (1963)………………………..7

*Helix Electric, Inc. v. United States*, 68 Fed. Cl. 571, 582 (2005) ...……………………..4

*Keyser Roofing Contractors, Inc.*, A.S.B.C.A No. 32069, 32070,
90-3 B.C.A. (CCH) P23,024 (1990)………………………………………………..10

*PCL Constr. Serv., Inc. v. United States*, 47 Fed. Cl. 745, 810-11 (2000)…………….9,10

## REGULATIONS

FAR 52.249-8………………………………………………………………………..6

FAR 52.249-10………………………………………………………………………7

## RULES

RCFC 8(a)……………………………………………………………………………6

RFCF 56.…………………………………………………………..………………1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC., et.al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-1000C (04-254C)** |
| | ) | **(Consolidated)** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Block)** |
| **Defendant.** | ) | |

**PLAINTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's Order, entered on March 23, 2006, plaintiffs, Enron Federal Solutions, Inc. ("EFSI") and Liberty Mutual Insurance Co. ("Liberty Mutual"), by and through undersigned counsel, respectfully submit the following Reply Brief in Response To Defendant's Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment.

As demonstrated below, Defendant's Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment ("Defendant's Opposition" or "Def. Opp."), while long on hyperbole, is short on substantive content. Responding with adjectives rather than analysis, the Government failed to address several of EFSI's theories of recovery on their merits, choosing instead either to ignore EFSI's arguments and the legal authority cited by EFSI in support of those arguments, or to mischaracterize them (the arguments or the authority) in an effort to side-step the need to present any such analysis. Consequently,

on this record there remains no genuine issue of any material fact with respect to this issue and plaintiffs are entitled to the judgment sought as a matter of law.[1]

## I. Overview

To decide both the Government's Motion for Summary Judgment and EFSI's Cross-Motion for Summary Judgment ("Cross-Motion"), the basic issue to be resolved by this Court is the same - whether the Contract between EFSI and the Government allows the Government to reap a windfall by refusing to pay EFSI for improvements and upgrades to the utility systems built or installed by EFSI on the Government's property at Fort Hamilton, New York. For the reasons presented in EFSI's Cross-Motion and highlighted below, this Court should interpret the Contract in a manner that follows the general rule that a terminated contractor is entitled to compensation for work performed under the contract before the termination and grant EFSI the relief it has requested.[2]

First, the general rule of fairness that permeates the several bases upon which EFSI may establish its claims applies even when the Contract under which the claims arise has been terminated for default. That general rule is incorporated in the clauses required for use in government contracts and has been long-recognized in the case law interpreting those clauses. Indeed, that case law also recognizes that even where a contractor has ceased ("abandoned") performance and its contract has been terminated for default on that basis, the contractor does not lose its right to recover for work performed prior to the termination.

---

[1] There is no dispute between the parties concerning Defendant's Proposed Findings of Uncontroverted Fact, filed on May 2, 2006 together with Defendant's Motion for Summary Judgment.

[2] With respect to Count II of EFSI's Complaint, the Government has admitted its liability for the payment sought based on the facts underlying that count. *See* Def. Opp. at 14 n. 5. Consequently, it is unnecessary to address the issue further.

Second, supported by the facts pleaded by EFSI in its Complaint, the plaintiffs have identified several legal theories under which EFSI is entitled to the recovery it seeks. Those theories include: 1) the Contract, as reflected in its terms (e.g., paragraph H.8 of the Contract, the Termination Liability clause, and related clauses) and overall risk allocation structure; 2) the Default - Supplies and Services clause expressly contained in the Contract (using the mechanism contained within the Termination Liability clause as a measure of recovery) ; 3) the Default - Construction clause incorporated into the Contract under the *Christian* doctrine (using the mechanism contained within the Termination Liability clause as a measure of recovery); and, alternatively, 4) an implied-in-fact contract to fill what would be a contractual lacuna with respect to a material right of the parties, i.e., EFSI's right to recover the net value of its capital upgrades and improvements made by EFSI to the Government's property should the Contract be terminated for default.

In Defendant's Opposition, the Government made an attempt to address substantively only a portion of EFSI's first theory, mischaracterized and side-stepped EFSI's second and third theories, and ignored caselaw cited by EFSI in support of EFSI's fourth (alternative) theory. Ultimately, the Government simply failed to demonstrate that EFSI is not entitled to relief it seeks. Consequently, this Court should, by granting EFSI's Motion, recognize and apply in this instance the long-standing principle that a contractor is entitled to payment for work performed prior to a termination for default where the Government has taken possession and enjoyed the benefits of that work.

Each of these points is addressed in more detail below.

## II. Only EFSI's Interpretation Of The Effect And Scope Of The Termination Liability Clause Is Consistent With The Terms And Overall Risk Structure Of The Contract.

As the Government itself recognizes, whenever possible, a contract must be interpreted to make sense of all of its provisions, not merely a single word or phrase. *See* Def. Opp. at 9 (quoting *Helix Electric, Inc. v. United States*, 68 Fed. Cl. 571, 582 (2005)). In its Cross-Motion, EFSI demonstrated at length how its interpretation of the effect and scope of the Termination Liability clause was consistent not only with the terms of the Contract and the overall structure of the Contract, but also with the intent of the parties as expressed in their contemporaneous actions at the time of contract award. *See* EFSI's Cross-Motion at 13-21. Specifically, EFSI demonstrated that:

- Use of the Termination Liability clause in the Contract was authorized, without limitation as to the type of termination, to provide the mechanism by which the parties could determine the amount of EFSI's unrecovered investment, *i.e.*, the uncompensated value of the utility systems upgrades and improvements performed by EFSI prior to the expiration or termination of the Contract for any reason, *see* Cross-Motion at 14-17;
- Paragraph H.8 of the Contract did not limit the type of termination to which the Termination Liability clause applies, and provided that the Government's termination liability would be *based upon* (not *limited by*) FAR 52.241-10 Termination Liability, *see* Cross-Motion at 17;
- Paragraph C.4.7 of the Contract 1) provides that upon *expiration or termination* of the Contract, EFSI's unrecovered investment will be determined under Paragraph H.8, Termination Liability, 2) does not limit the applicable type of termination to which

the provision applies, and 3) references the Termination for Default clause in Section I of the Contract, which clause reflects the basic principle that a defaulted contractor is entitled to compensation for work completed and accepted by the Government, *see* Cross-Motion at 17-18;

- The information necessary to complete the formula contained in the Termination Liability clause was negotiated by the parties and reflected in EFSI's proposal; *see* Cross-Motion at 20-24;
- EFSI's interpretation is consistent with Paragraph B.2.1 of the Contract, which defined a portion of the Government's monthly contract payment, the Annual Initial Upgrade, as "[t]he Contractor's initial capital investment price, *amortized* over a desired period at an annual interest rate, for system improvements …."(emphasis added), which definition is consistent with the existence of a debt owed by the Government but scheduled to be paid to EFSI over a term of months, not an obligation arising in the first instance every month; *see* Cross-Motion at 18;
- EFSI's interpretation is also consistent with the risk structure established by, and reflected in the Contract, including the provision that the Government was to convey title to the utility systems to EFSI *see* Cross-Motion at 19-20; and
- At the time of award, the Government agreed with EFSI's interpretation of the Contract termination provisions, as reflected by its incorporation of EFSI's proposal into the Contract without modification, *see* Cross-Motion at 20.

In its attempt to counter EFSI's position, however, the Government failed to provide this Court with a reasonable interpretation that reconciles the clauses described and analyzed by EFSI in its Cross-Motion. Rather than address EFSI's position in a

substantive manner, the Government relies upon adjectives rather than analysis. *See* Def. Opp. at p. 10 ("lengthy and largely hypothetical argument"), at p. 11 ( "preposterous and unsensible"). Essentially, the Government invited this Court to focus exclusively upon a few words in the Termination Liability clause, to ignore the terms of other clauses of the Contract which invoke and condition that clause, and to disregard the effects of such a narrow focus upon the relative rights of the parties - rights that were allocated by related clauses and the remainder of the Contract itself, as described in EFSI's analysis of those clauses.

Where the Government proffered a substantive response, its response is based upon a mischaracterization or exaggeration of EFSI's argument, rather than the actual argument made by EFSI. For example, the Government argues that "[i]f the Court were to accept plaintiffs' proposed construction, EFSI would have been entitled to be paid for its investment in the utility upgrades as soon as those upgrades were made." Def. Opp. at 11. Contrary to the Government's characterization of EFSI's position, however, EFSI has asserted only that once the payment schedule contemplated by the parties and established by the Contract to amortize the Government's liability for the utility system upgrades and improvements that were accomplished by EFSI was overcome by the event of a termination, the Government remained liable to EFSI for that work, in an amount to be determined under the mechanism established by the Termination Liability clause. *See* Cross-Motion at 17-24. Again, under the terms of the Contract, the Government's obligation to pay EFSI for the upgrades did not <u>arise</u> on a piecemeal basis as monthly payments became due, but was only scheduled to be paid to EFSI (*i.e.*, <u>amortized</u>) on that basis. *See* Cross-Motion at 18, citing Contract, ¶ B.2.1.

Moreover, the Government has also mischaracterized EFSI's claim as seeking full payment for the upgrade and improvement work. See Def. Opp. at 5 ("Under plaintiffs' bizarre analysis, … the Government would be obliged to pay for all of the upgrades"), and 12 ("plaintiffs urge that the Government somehow entered into a bargain to fully compensate EFSI for its investment once that investment was made")(emphasis added). Even a glance at the allegations in EFSI's certified claim, its Complaint, and its Cross-Motion for Summary Judgment, however, belies the Government's assertions. EFSI has consistently recognized that the amount of compensation recoverable under any of the theories it has advanced will be affected by a number of factors, including an offset for remaining work and for any interest included in EFSI's price for the upgrades and improvements that was unearned at the date of termination. *See* Cross-Motion at 23, 27.

In conclusion, unlike the Government's proffered interpretation, the interpretation of the Contract EFSI used to structure and submit its proposal and upon which it relied to perform the upgrades and improvements to the utility systems is wholly consistent with the terms and overall structure of the Contract. Moreover, EFSI's interpretation also reflects the general principle that even a defaulted contractor is entitled to recovery for work performed prior to the termination. Consequently, this Court should grant EFSI's Cross-Motion on this basis.

**III. The Government Did Not Refute EFSI's Demonstration Of Entitlement To Relief Under Its Alternative Theories Of Recovery.**

Both in its response to the Government's Motion for Summary Judgment and in EFSI's Cross-Motion for Summary Judgment, EFSI demonstrated that the Contract, properly interpreted, provided that EFSI would be compensated for work performed to upgrade or improve the utility systems on Fort Hamilton even if the Contract were to be terminated prior to the end of its term. In addition to its entitlement to recovery based on the Termination Liability clause and related provisions of the Contract, EFSI also demonstrated that it is entitled to recovery based upon several additional theories, including recovery under the Default clause (FAR 52.249-8) expressly contained in the Contract, recovery under the Default clause (FAR 52.249-10) that should be incorporated into the Contract by operation of law under *G.L. Christian and Assoc. v. United States*, 160 Ct. Cl. 58 (1963), or recovery under an implied-in-fact contract between the parties filling the lacuna that would be created by the failure of the Contract to specify compensation for EFSI's utility system upgrade and improvement costs in the event of termination for default. *See* Cross-Motion at 24-29, 36.

It is well-settled that EFSI may assert alternative theories of recovery based on the facts pleaded in its complaint. *See* RCFC 8(a) ("A pleading which sets forth a claim for relief … shall contain … (2) a short and plain statement of the claim showing that the pleader is entitled to relief…."); *Alaska Pulp Corp. v. United States*, 48 Fed. Cl. 655, 669 (2001) (stating that under RCFC's liberal pleading rules, "[w]e allow legal theories arising from the same set of 'operative facts' as those pled"). Notwithstanding EFSI's demonstration of entitlement to the relief requested under these theories, however, the Government in its Opposition failed to address any of the alternative theories on their

merits. Instead, the Government mischaracterized EFSI's argument as an attempt to bind the Government to the interpretation the Government advanced in its Contracting Officer's Final Decision denying EFSI's certified claim and challenged EFSI's demonstration on that sole basis. *See* Def. Opp. at 13. A fair reading of EFSI's arguments, however, shows that the viability of EFSI's alternative bases for recovery does not depend upon any acquiescence or admission by the Government. *See* Cross-Motion at pp. 21-26. The Government failed to address on their merits EFSI's contentions with respect to the relief available to EFSI under either the default clause contained within the Contract or the contract clauses specified for use in construction contracts by the FAR and included by operation of the *Christian* doctrine. As a result, one should conclude that Government has no substantive response to those arguments.

Moreover, the Government's attempt to demonstrate that it did not impliedly accept the work performed by EFSI under the Contract demonstrates instead the reasonableness of EFSI's position. The Government argues that it would be senseless even to contemplate a physical "return" by the Government to EFSI of the upgrades and improvements made by EFSI on Government property at Fort Hamilton. *See* Def. Opp. at 15. That very circumstance, however, leads one directly to the conclusion that the Government is obligated to compensate EFSI for those upgrades and improvements that were performed by EFSI and are being used and enjoyed by the Government, whether by operation of the Termination Liability clauses, the default clause contained in the Contract, the default clause required for use in contracts for construction, or, alternatively, an implied-in-fact contract to fill the contractual lacuna should these clauses be determined to be ineffective.

Consequently, based on EFSI's substantive demonstration of the viability and applicability of the alternative theories for the relief requested in its Cross-Motion and the Government's failure to advance a substantive rationale in opposition to EFSI's proffered bases for liability, this Court should grant EFSI the relief it has requested.

## IV. EFSI Did Not Abandon The Upgrades It Made To The Utility Systems Or Otherwise Forego Its Entitlement To Compensation For Those Upgrades.

In its Opposition, the Government asserts that "[i]t is undeniable that EFSI's investment was abandoned at Fort Hamilton." Def. Opp. at p. 15. Contrary to the Government's assertion, however, notwithstanding EFSI's cessation of contract performance and the termination for default that was issued by the Government as a result thereof, EFSI neither abandoned its claims nor forfeited its right to recover compensation for the work that was performed prior to the termination. Even if a contractor ceases (or "abandons") performance and the contract is terminated for default, the contractor does not abandon its work and thereby lose its right to compensation for the work performed. *See PCL Constr. Serv., Inc. v. United States*, 47 Fed. Cl. 745, 810-11 (2000) (contractor who abandoned performance entitled to compensation for work performed prior to termination for default).

Moreover, there is no evidence that title to the utility systems themselves ever passed to EFSI under the Contract. Although, in Defendant's Statement of Genuine Issues, the Government "agrees" that title to the utility systems passed to EFSI under the Contract, see Defendant's Statement of Genuine Issues, ¶ 6, EFSI's Statement of Uncontroverted Fact #6 did not assert that the Government actually conveyed title to EFSI, but only identified the portion of the Contract that indicated that the Government

would do so. Consequently, the Government's "agreement" improperly and without a factual basis, seeks to establish a fact separate and apart from the fact asserted by EFSI.

As EFSI demonstrated in its Cross-Motion, had the payments not been amortized over the course of the contract term, the Government would have had to pay EFSI as the construction work was completed and title to the completed work would have passed to the Government upon payment therefor. *See* Cross-Motion at 28-29. Without having paid EFSI for the upgrades and improvements, the Government could not simply retake possession and exercise control over those upgraded and improved systems without compensating EFSI for the work it accomplished. *See PCL Constr. Serv., Inc.*, 47 Fed. Cl. at 811 (stating "[t]he contractor should be entitled to the value of the work it has performed, and the termination for default should affect only the uncompleted work, for which the contractor has not been paid").

## CONCLUSION

The undisputed facts, and the analysis that proceeds from those facts, demonstrate that the Government may not reap a windfall by ignoring its duty under the Contract to pay EFSI for the work EFSI performed prior to the termination of the Contract. The only issue remaining for determination is the amount of that compensation due to EFSI for that work.

Based on the foregoing, EFSI respectfully requests that this Court grant EFSI's Cross-Motion for Summary Judgment and hold that notwithstanding the termination of the Contract for default, EFSI is entitled to compensation from the Government, such compensation to be determined in accordance with the formula contained in the Termination Liability clause, in an amount equal to EFSI's unrecovered investment in the

utility systems improvements and upgrades built and installed by EFSI on the Government's property at Fort Hamilton, New York.

Respectfully submitted,

July 13, 2006

/s/ John J. Pavlick, Jr.

John J. Pavlick, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

OF COUNSEL
Charles R. Marvin, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

Attorneys for Enron Federal Solutions, Inc.

/s/ Timothy E. Heffernan

Timothy E. Heffernan
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
Telephone 703/749-1000
Facsimile: 703/749-0699

Attorney for Liberty Mutual Insurance Co.

DC1/213181.02

<u>NOTICE OF FILING</u>

I hereby certify that on July 13, 2006, a copy of the foregoing "PLAINTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John J. Pavlick, Jr.