**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-1000C (04-254C)** |
| | ) | **(Consolidated)** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Block)** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S SCHEDULING ORDER ENTERED NOVEMBER 21, 2006**

Pursuant to this Court's Scheduling Order entered November 21, 2006 (Dkt. No. 29), defendant, the United States, respectfully submits the following supplemental brief.

I. Plaintiff Enron Federal Solutions, Inc. Did Not Acquire Title to the Utility Systems Before It Abandoned Contract Performance, and It Did Not Claim the Utility Systems as an Asset in Bankruptcy

As the Court's Scheduling Order notes, paragraph 6 of Plaintiffs' Proposed Findings of Uncontroverted Fact stated that under the contract between the Army and plaintiff, Enron Federal Solutions, Inc. ("EFSI"), title to the utility systems was to pass to EFSI. For the purposes of the dispositive motions before the Court, whether title to the utility systems passed to EFSI has little legal significance.[1] The Scheduling Order, however, does raise two factual issues, i.e.,

[1] Matters of contract interpretation present issues of law, e.g., Gilbert v. Department of Justice, 334 F.3d 1065, 1071-72 (Fed. Cir. 2003) (citing Massachusetts Bay Transportation Authority v. United States, 129 F.3d 1226, 1231 (Fed. Cir. 1997)), and as such, they are not properly the subject of a proposed finding of uncontroverted fact. In our response to Plaintiffs' Proposed Finding of Uncontroverted Fact ¶ 6, we stated our objection that this proposed finding consisted of legal conclusions and then further responded, subject to and without waiving our objection, that "for purposes of RCFC 56(h)(2) that title to the utility systems passed to EFSI before EFSI abandoned performance of the contract." Defendant's Statement of Genuine Issues, ¶ 6 (June 29, 2006) (Dkt. No. 21). Upon further examination of the facts, defendant has determined that its response to this proposed finding (following our objection) was in error. As

(1) whether the events required for transfer of title occurred and (2) whether EFSI asserted that it had title to the utilities systems in the bankruptcy proceedings stemming from the collapse of Enron Corporation..

Counsel for the parties have conferred, and based upon our exchange, there is no disagreement between the parties as to whether title actually was transferred and whether the utility systems were claimed as an asset in bankruptcy proceedings related to EFSI. With regard to the first issue, while the contract contemplated eventual transfer of title to EFSI during the full performance of the contract, that transfer never took place before EFSI abandoned performance of the contract in December 2001. Clause H.6.1 of the Solicitation appears on the compact disk containing the contract documents, filed with the Court at the Court's request. See Notice (Aug. 3, 2006) (Dkt. No. 27). Specifically, this clause can be found at page 54 of the file named "1. Solicitation (File 1 of 2).pdf", and it provided, in pertinent part:

> H.6.1 It is the intention of the Government to transfer ownership to the Contractor of all Government-owned facilities . . . upon requesting and obtaining Department of the Army and/or Congressional approvals. Prior to obtaining the requisite approvals, all such facilities shall continue to be owned by the Government.
>
> H.6.1.1 Title to such facilities shall transfer to the Contractor upon the receipt by the Contractor of the Government's written notice to this effect; provided, however, that the transfer of facility ownership shall be subject to reasonable reservations or conditions as set forth in the notice. The parties shall prepare and execute such additional documents as may be necessary to implement the ownership transfer. . . .

Solicitation, Clause H.6.1 (emphasis added).

---

the parties apparently now agree, title never passed to EFSI. We respectfully apologize for any confusion created by our error

Based on discussions between counsel, defendant understands there is no disagreement between the parties that the events required to implement transfer of title did not occur before EFSI abandoned contract performance. Accordingly, title to the utility systems was never transferred to EFSI; it remained with the United States.

Moreover, based upon information provided by EFSI's counsel, defendant understands that EFSI did not claim the utility systems as assets in its bankruptcy proceedings. This is wholly consistent with the Government's retention of title before EFSI abandoned contract performance.

## II. EFSI is Not Entitled to Compensation for Improvements to the Utility Systems Because It Abandoned Contract Performance Before Title Was Transferred to EFSI

The fact that EFSI abandoned contract performance is not in dispute: EFSI was terminated for default following its abandonment of the contract, and EFSI never appealed the default termination decision. See Government's Dispositive Motion ("Gov't Dispositive Mot.") at 4 (May 2, 2006) (Dkt. No. 17). While it is true that EFSI made expenditures to improve the utility systems, EFSI's expenditures were but one element of its contractual obligations to the Army. When EFSI ceased performing its contract, following the collapse of Enron Corporation, its contractual rights and obligation were addressed by the default clause. FAR § 52.249-8. The amounts expended by EFSI for improvements did not constitute "completed supplies delivered and accepted" under the contract and, accordingly, the Government had no contractual duty to reimburse EFSI for those expenditures. See FAR § 52.249-8, ¶ (f) ("The Government shall pay contract price for completed supplies delivered and accepted.").

As we explained in our dispositive motion, EFSI's complaint essentially seeks to have its default termination treated as a termination for convenience, inasmuch as it asks this Court to

award it amounts that it incurred before it abandoned performance. E.g., Gov't Dispositive Mot. at 10-14. Such an award is appropriate only when the Government makes the decision to terminate a contract for its own convenience, and as we explained in our previous briefing on the parties' dispositive motions, such a result would be in strict defiance of the terms of the default clause.

Moreover, EFSI cannot be heard to complain that the Army failed to return the upgrades to the utility systems. There can be no serious dispute that once EFSI expended money to upgrade the utility systems, those upgrades became physically inseparable from the systems themselves. Again, the Army should not be required to pay for the upgrades because, as we explained previously, to require reimbursement of those costs converts the default termination to a termination for convenience, and there is no legal authority for such a result.

If EFSI believed it was entitled to compensation for the upgrades, it should have challenged the default termination decision. Having failed to do so, it cannot now successfully pursue the equivalent of a termination for convenience award.

## Conclusion

This is not a case in which the Army has taken and retained property that belonged to EFSI. As both parties apparently agree, title to the utility systems never transferred from the Government to EFSI, and that is confirmed by the fact that EFSI did not claim the utility systems as an asset during its bankruptcy proceedings. Accordingly, for the reasons set forth in our dispositive motion and our opposition to plaintiffs' cross-motion and for the foregoing reasons, defendant, the United States, respectfully requests this Court to dismiss Counts Three and Four of EFSI's complaint for lack of jurisdiction to consider the subject matter of those counts,

pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims, and further respectfully requests that the Court enter summary judgment in its favor and against plaintiff, EFSI, upon the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law, pursuant to Rule 56(b) of the Court's Rules.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

OF COUNSEL:

CAPTAIN PATRICK BUTLER
U.S. Army Legal Services Agency

December 7, 2006

NOTICE OF FILING

I hereby certify that on December 7, 2006, a copy of foregoing "DEFENDANT'S DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S SCHEDULING ORDER ENTERED NOVEMBER 21, 2006" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky
_________________________________