**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENRON FEDERAL SOLUTIONS, INC., et.al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-1000C (04-254C)** |
| | ) | **(Consolidated)** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Block)** |
| **Defendant.** | ) | |

---

**PLAINTIFFS' SUBMISSION IN RESPONSE TO SCHEDULING ORDER DATED NOVEMBER 21, 2006**

---

Pursuant to the Scheduling Order entered by this Court on November 21, 2006 (Docket No. 29), plaintiffs, plaintiffs, Enron Federal Solutions, Inc. ("EFSI") and Liberty Mutual Insurance Co. ("Liberty Mutual"), by and through undersigned counsel, respectfully submit their response to the following questions posed by the Court in its Order:

1) who currently has title to the utility systems at Fort Hamilton, New York;

2) was ownership of the utility systems at Fort Hamilton, New York claimed as an asset in EFSI's bankruptcy proceedings; and

3) what is the legal effect of these facts?

EFSI's responses are provided below.

**1) EFSI did not acquire title to the utility systems at Fort Hamilton, New York during its performance of the Contract at issue in this case.**

Contract DACA51-00-C-0001 ("Contract"), the contract at issue in this appeal, provided that title to the utility systems was to pass from the Government to EFSI at some time shortly after the award of the Contract. *See* Plaintiff's Appendix (Docket No. 19) at 5 (Contract, ¶ C.3, page 7). In its Technical Proposal, EFSI had proposed to:

> take title to and provide Operations and Maintenance (O&M) for the electric, potable water, wastewater (sanitary), and storm water systems upon contract award and negotiating and signing of an easement documents. Upon separation of storm water discharge from the wastewater system, title shall be adjusted to reflect contractor ownership of both systems. EFSI will not assume ownership of the existing natural gas system; however, EFSI will own the replacement distribution system upon its commissioning and the abandonment of the existing system.

Plaintiff's Appendix (Docket No. 19) at 8 (EFSI Proposal, August 27, 1998, ¶ 1.0.

Notwithstanding the language of the Contract and EFSI's proposal, EFSI has found no evidence that title was ever conveyed by the Government to EFSI for any of the utility systems at Fort Hamilton, New York. *See* Exhibit 1, Declaration of Scott Mills. EFSI has insufficient knowledge to determine who currently has title to the utility systems at Fort Hamilton, New York.

**2) EFSI has not claimed ownership of the utility systems at Fort Hamilton as an asset in EFSI's Bankruptcy Proceedings.**

Consistent with EFSI's understanding of the facts regarding the status of title to the utility systems at Fort Hamilton, New York under the Contract, and as confirmed by Scott Mills in a declaration attached hereto, EFSI has not claimed ownership of those utility systems as an asset in its Bankruptcy Proceedings. *See* Exhibit 1, Declaration of

Scott Mills, attaching a copy of the Statement of Financial Affairs filed by EFSI in Case No. 01-16431 in the United States Bankruptcy Court, Southern District of New York.

**3) The fact that the Government did not transfer title to the utility systems at Fort Hamilton, New York to EFSI under the Contract does not diminish or otherwise affect plaintiffs' claims for relief in this case.**

The grounds upon which EFSI bases its claims against the United States for compensation for the work performed by EFSI to upgrade or improve the utility systems at Fort Hamilton, New York do not rely in any respect upon the passage of title to those utility systems from the Government to EFSI or upon the possession of title by EFSI at some time. Through its claims, EFSI seeks fair compensation for services and materials provided to the Government by EFSI under the Contract, i.e., for the improvements and upgrades to the utility systems at Fort Hamilton, New York that were performed by EFSI. The bases upon which EFSI has demanded payment from the Government, and upon which the Government has refused to make such payment to EFSI, have focused upon the interpretation of certain clauses contained within the Contract at issue in this case, whether expressly or by implication, and not upon the possession *vel non* of title by EFSI to those utility systems. Consequently, the presence in the Contract of a clause under which the Government was to transfer title to the utility systems to EFSI is irrelevant to the determination of the respective rights of the parties under the Contact and, thus, under this appeal.

Although EFSI has taken the position that title to the utility systems themselves did not pass to EFSI during the performance of the Contract, EFSI has also taken the position that under both the language of the FAR clauses applicable to this Contract and

the caselaw interpreting those clauses, the Government did not obtain title to the materials and work performed by EFSI to upgrade and improve the Government's utility systems and thus, the Government remains obligated to pay EFSI for that work. *See* Plaintiffs' Cross Motion for Partial Summary Judgment and Plaintiffs' Opposition to Defendant's Motion to Dismiss Counts Three and Four and For Summary Judgment With Regard to Plaintiffs' (EFSI's) Complaint (Docket No. 19) at 25-29; Plaintiffs' Reply Brief in Response to Defendant's Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment (Docket No. 22) at 8-11.

The Government's obligation to pay EFSI for work performed by EFSI to upgrade and improve the Government's utility systems under the Contract is unaffected by the fact that title to the Fort Hamilton utility systems never passed to EFSI. Indeed, retention of title by the Government to its property undergoing construction is typical. Consequently, retention of title by the Government to the utility systems at Fort Hamilton during the performance of the Contract does not affect EFSI's entitlement to payment from the Government for the work performed to upgrade and improve its utility systems, especially where, as here, the work has been accepted and continues to be used and enjoyed by the Government.

Plaintiff Liberty Mutual concurs with EFSI and for the same reasons asserts that its claims, which are derived through equitable subrogation, are not affected by possession of title.

Respectfully submitted,

December 7, 2006 /s/ John J. Pavlick, Jr.

John J. Pavlick, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

OF COUNSEL
Charles R. Marvin, Jr.
VENABLE LLP
575 7th Street, N. W.
Washington, D. C. 20004
Telephone: 202/344-4000
Facsimile: 202/344-8300

Attorneys for Enron Federal Solutions, Inc.

/s/ Timothy E. Heffernan

Timothy E. Heffernan
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
Telephone 703/749-1000
Facsimile: 703/749-0699

Attorney for Liberty Mutual Insurance Co.

DC1/228880