# United States Court of Federal Claims

**No: 05-1000 C**
(04-254 Consolidated)
April 18, 2007

**ENRON FEDERAL SOLUTIONS INC., *et al.*,**

***Plaintiffs*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

## ORDER SCHEDULING POST-HEARING BRIEFING

The court conducted a hearing on liability, summary judgment and other issues in this case on April 12, 2007. As it is the custom of this court to entertain post-hearing supplemental briefing, the parties are requested to file post-hearing briefs that address the issues raised at the hearing, with particular attention given to the specific issues identified below. This is an opportunity for the parties to present their position by marshaling the facts and cases that support their position. **For any issue addressed in the briefs, each party should articulate its legal theory or argument and identify case law or statutes that support its position.**

Each party should file its original brief no later than **Friday, May 25, 2007**. Each party may file one response brief to rebut issues addressed in the opposing party's original brief. Any response brief must be filed no later than **Friday, June 29, 2007**.

Each party should specifically address each of the following questions, in addition to any other relevant issues:

### CONTRACT INTERPRETATION

Interpretation of the privatization contract between EFSI and the government is the issue in this case. The parties dispute what the contract actually requires in the event of default termination. Determining what type of contract actually exists would be helpful to the determination of what is required by the contract.

1) Is the contract a hybrid of a services and a construction contract, or is it strictly a services contract? What effect, if any, does that determination have on the parties' responsibilities? Does the definition of the contract as a services contract or as a hybrid contract limit or mandate the use of FAR provisions?

2) What is the significance of the fact that this was a privatization contract?

**FAR INTERPRETATION**

The parties dispute what FAR provisions are required in the contract and whether they should apply. Section H.8 of the contract incorporates FAR § 52.241-10 under the heading "Termination Liability." And, under the *Christian* doctrine, 320 F.2d 345 (Ct. Cl. 1963), mandatory FAR provisions are considered part of a contract even if not they are not specifically in the contract. Termination charges under § 52.241-10 parallel common law general damages calculation. In addition to § 52.241-10, the parties have also discussed other FAR provisions in their moving papers.

3) What FAR provisions must be read into this contract as a matter of law? May parties to a contract negotiate to alter a mandatory FAR provisions? Or, are mandatory FAR provisions to be incorporated strictly?

4) The government essentially argues that a plain language reading of FAR § 52.241-10, specifically the language "government discontinues utility service," would indicate that § 52.241-10 applies only to termination for convenience situations. However, EFSI argues that a plain language reading of § 52.241-10 does not limit § 52.241-10 to termination for convenience circumstances, so § 52.241-10 can and does apply to default for termination situations. What case law or other support is there for these conflicting interpretations? In other words, is FAR § 52.241-10 a general termination clause applicable to both termination for convenience and default termination situations, or is it strictly a termination for convenience clause? How do the termination process and procedures established by the FARs affect the above respective interpretations? Is § 52.241-10 a mandatory clause or can it be altered and adopted at the parties' discretion? What case law exists regarding interpretation of § 52.241-10? What "legislative" history exists regarding the promulgation of FAR § 52.241-10?

5) Did both contracting parties believe FAR § 52.241-10 applied to a default termination situation? If so, why, and where is this demonstrated in the contact or by extrinsic evidence? Was there a mutual mistake by the contracting parties regarding FAR § 52.241-10? What case law exists regarding mutual mistake in this type of situation?

6) Does the question and answer language on page 4 of Amendment 5 to the Solicitation, which addresses FAR § 52.241-10, demonstrate that the government adopted EFSI's interpretation of 52.241-10?

7) How should the applicable FAR provisions be read in the contract? Does one FAR provision trump another? What about FAR § 41.101, the definitions section of the FAR for utility services?

**AMORTIZATION PAYMENTS**

The parties dispute the payments made on the contract—EFSI asserts part of the payments were amortized payments on capital improvements, while the government asserts the payments were merely fixed price payments for the services under the contract. How the payments were intended to be viewed is relevant to the determination of how the parties viewed the contract, and ultimately whether the government is liable to pay EFSI for the capital improvements.

8) If part of the monthly payments were "amortization payments," that would seem to go against a "services contract only" argument. What is the significance of the amortization payments? Why were they contracted that way?

**AVAILABLE REMEDIES**

The government suggested at the hearing that EFSI's only remedy to their situation is a legislative one. However, EFSI asserts there is a judicial remedy available here.

9) Can the Court award general contract damages in this case in light of the incorporated FAR termination provision, other provisions in the contract, or other FAR provisions incorporated by law? What about other damage or equitable remedies? Any case precedent?

10) What about the government's legislative remedy argument? What case law or statutory support exists for the government's position?

11) Does EFSI have to specifically plead quantum meruit in order to recover quantum meruit damages?

**IT IS SO ORDERED.**

s/Lawrence J. Block

**Lawrence J. Block**
**Judge**